other civil action or claim against the United States, not exceeding $10,000 in amount * * *." 28 U.S.C. § 1346(a) (2). While approximately one-half of the claimed amount would appear to be barred by lapse of time (28 U.S.C. §§ 2401, 2501), it remains vastly in excess of the maximum jurisdictional amount prescribed by the Tucker Act. Furthermore, the claim, as presented, was one claim, indivisible and belonging only to the Territory of Guam. None other than the Territory was empowered to assert it. The District Court properly dismissed the action.

Affirmed.

John Paul Howard, Jacksonville, Fla., for appellant.

William J. Hamilton, Jr., First Asst. U. S. Atty., Samuel S. Forman, Asst. U. S. Atty., Edward F. Boardman U. S. Atty., Middle Dist. of Florida, Jacksonville, Fla., for appellee.

Before TUTTLE and WISDOM, Circuit Judges, and HEEBE, District Judge.

**William C. FENDLEY, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 24554.

United States Court of Appeals Fifth Circuit.

Nov. 2, 1967.

PER CURIAM:

The defendant was in state custody at the time of his interrogation by the FBI. The interrogation was an important part of the federal criminal proceedings which had obviously then focused on the defendant. As was the case in *Miranda* this was an interrogation "in a police-dominated atmosphere." Miranda v. State of Arizona, 384 U.S. 436, 445, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). At a hearing conducted by the district judge on the admissibility of a statement by the defendant taken at that interrogation, the FBI agent testified that the defendant was advised that he "had the right to remain silent, that he didn't have to make any statement, that if he did make any statement, it could be used against him in a court of law." Although the agent stated that he also advised the defendant that "he had the right to consult an attorney or anyone else before making a statement," and that "if he did not have any money to obtain an attorney that the Judge, the Court, would appoint one for him when he went to court," the defendant was not advised, as *Miranda* requires, of his right to have *court-*

*appointed* counsel present *during the interrogation.* Although the interrogation was made and the defendant's statement taken prior to the *Miranda* decision, the trial took place subsequent to *Miranda* and the strict standards established by that case should have been applied by the trial court to the issue of admissibility at trial. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Evans v. United States, 375 F.2d 355 (8th Cir. 1967). The statement having been improperly admitted, the conviction must be Reversed.

**UNITED STATES of America,
Appellant,**

v.

**George E. NELSON et al., Appellees.**

**No. 24476.**

United States Court of Appeals Fifth Circuit.

Nov. 15, 1967.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Marselli, Howard M. Koff, Robert N. Anderson, Harris Weinstein, Attys., Dept. of Justice, Washington, D. C., Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., for appellant.

Vincent F. Kilborn, Mobile, Ala., Roland J. Mestayer, Jr., Pascagoula, Miss., for appellees.

Before COLEMAN and GOLDBERG, Circuit Judges, and HANNAY, District Judge.

PER CURIAM.

This case has been heard on the record, briefs of the parties, and oral argument. We are of the opinion that, as hereinafter modified, the Judgment of the Court below should be affirmed.

The opinion of the District Court is published at 260 F.Supp. 70. That Court held that the taxpayers did have the burden of showing the invalidity of the Commissioner's determination of tax liability. The controlling factual question at issue, the accuracy of the adding machine tapes from which the tax was to be computed, was resolved against the Government. We find no basis for holding this to be clearly erroneous.

The District Court held that the records of the taxpayer (which necessarily included the tapes) adequately established the amount of the cabaret sales. This was equivalent to an express finding that the taxpayer had met its burden of establishing the amount of the refund to which it was entitled.