CHARLES CARROLL, Chief Judge.
On March 26, 1965, the appellant was adjudged guilty of robbery, and of assault with intent to commit a felony, to-wit: manslaughter. Concurrent ten-year sentences were imposed. No appeal was taken. On October 13, 1965, this appellant filed a motion in the trial court for relief under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, in which it was contended that the public defender had refused to appeal from his conviction. The trial court treated the motion as one for new trial, and after an evidentiary hearing reserved ruling thereon. On February 21, 1966, a motion for new trial was filed on behalf of the defendant by a special public defender appointed by the court to represent him. This appeal is from an order of the trial court denying that motion.
The record of the trial discloses evidence was presented that the appellant, who will be referred to as the defendant, accosted the victim and demanded a dime; that the victim, not having a dime, offered to give him a dollar, and as directed threw the dollar on the ground; that the defendant picked it up “and then he backed off and then throwed the pistol on me;” that as the victim broke and ran he was shot in the leg; that a police officer who was nearby heard the shot, and upon arriving on the scene saw the defendant with a gun in his hand; that the officer identified himself as such and directed the defendant to drop the gun; that the defendant then crouched beside a truck where he was out of sight in the darkness, at which time the officer heard a clank of metal, and when the officer moved around the truck and again saw the defendant the latter did not have the gun; that a prompt search for the gun revealed it underneath the truck; that before the victim was taken to the hospital, and while an officer was interrogating the victim, the defendant made a statement which the officer stated was “spontaneous;” that the officer then testified, “At this time he interjected himself into the conversation and stated that the victim had it in for him because he, the defendant, had worked over and beaten up the victim’s brother at a nearby cabaret. He stated that the victim had been shot in a tussle over the gun”; that the foregoing statement was made by the defendant almost immediately after he had been told by the officer that he was under arrest for having a weapon in his possession and for discharging it, but before he had been warned of his constitutional rights against self-incrimination. In our view no error was committed by admitting the statement in evidence. It was not an admission extracted by incustodial interrogation of the defendant by the officer, but was a volunteered statement on the part of the defendant. Miranda v. State of Arizona, 384 U.S. 346, 86 S.Ct. 1602, 16 L.Ed.2d 694, 726.
The testimony of the defendant at the trial was in conflict with that of the victim and to some extent with that of the arresting officer. However, it was the duty and within the province of the trier of the facts to resolve such conflicts in the evidence. See Jones v. State, Fla.App.1967, 197 So.2d 829.
The admission into evidence of the gun, and of the bullet which was recovered from the victim’s trousers lodged in a plastic money clip, was not error. Bega v. State, Fla.App.1958, 100 So.2d 455, Jones v. State, supra. Moreover, there was a want of objection to the introduction of that evidence at the trial. See 2 Fla.Jur., Appeals, § 68.
 The trial court did not commit error in admitting into evidence the testimony of a duly experienced officer describing the wound received by the victim as to its location and the points of entry and exit of the bullet. The record does not support the contention of the appellant that the attorney representing him at the trial was incompetent so as to require or justify the granting of a new trial. See Simpson v. State, Fla.App.1964, 164 So.2d 224, Carroll v. State, Fla.App.1965, 172 So.2d 267.
No reversible error having been made to appear, the order appealed from is affirmed.