211 So.2d 248 (1968)
James Rufus WOODS, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-801.
District Court of Appeal of Florida. Third District.
June 4, 1968.
Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and HENDRY, JJ.
PEARSON, Judge.
Two separate informations charged Woods with uttering a forged instrument. He was tried before a jury, found guilty, and sentenced.
After the opening statements had been made, but before any testimony had been taken, defense counsel moved to suppress an oral confession Woods had made to the arresting officer, Russell. The trial judge denied the motion to suppress. Defense counsel later moved to strike Russell's testimony concerning the oral confession made by Woods to Russell. The trial judge also denied the motion to strike. Woods contends that the denial of these motions was prejudicial error requiring that the judgment of guilt be reversed and the cause remanded for a new trial; he relies on three grounds. Our holding is limited to the first ground: The confession was obtained in violation of Woods's privilege against self-incrimination and his right to counsel guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States as that privilege and that right were interpreted by the United States Supreme Court in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
Russell testified that he advised Woods of his rights in a general way:
"Q Did you have any preliminary conversation with the defendant prior to interrogating him?
"A Yes; I advised him of his civil rights.
"Q What rights did you advise him of?
"A We would get him an attorney. I advised him that anything he would say would be used against him and that if he wanted to make a telephone call he could make a telephone call or I would make it for him."

*249 * * * * * *
"Q Were you reading from a card or anything at the time?
"A Was I what?
"Q Were you reading from a card?

"A Yes; I read it from a card." [Emphasis added]
Unfortunately, the card referred to was not produced in court nor was it read into the record. It does not appear from the record that the appellant was informed that if he could not afford an attorney, one would be appointed for him prior to any questioning if he so desired. Cf. Biglow v. State, Fla. App. 1967, 205 So.2d 547, 548.
The United States Supreme Court in Miranda declared that "unless and until"[1] the prosecution demonstrates at trial that "prior to any questioning"[2] it has warned an individual "taken into custody or otherwise deprived of his freedom by the authorities in any significant way and * * * subjected to questioning"[3] that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.",[4] "no evidence obtained as a result of interrogation can be used against him."[5] The Court also declared that an individual can waive these rights (after he has been appropriately warned and been afforded an opportunity to exercise his rights throughout an interrogation) and agree to answer questions or make a statement; but the prosecution also has the burden of demonstrating at trial the waiver of any rights before any evidence obtained as a result of interrogation can be used against an individual.[6]
The courts of seven states have explicitly declared that the prosecution has the burden of demonstrating that the Miranda warnings have been given before an inculpating statement made by a defendant may be introduced as evidence.[7]
There is no Florida case containing an explicit holding equivalent to the foregoing holdings, although three District Court of Appeal cases implicitly recognize that the prosecution has the burden of proving that an individual has been informed of the protections set out in Miranda before evidence obtained as a result of interrogation can be used against him.[8] But a United States Circuit Court of Appeals case[9] all but makes its holding explicitly state the Miranda rule as to burden of proof. The court in Fendley reversed a judgment of conviction by the United States District Court for the Middle District of Florida. The defendant had been advised that
"he `had the right to remain silent, that he didn't have to make any statement, that if he did make any statement, it could be used against him in a court of law.' * * * that `he had the right to consult an attorney or anyone else before making a statement,' and that `if he did not have any money to obtain an attorney that the *250 Judge, the Court, would appoint one for him when he want to court,' [] the defendant was not advised, as Miranda requires, of his right to have court-appointed counsel present during the interrogation."[10]
The court held that a statement by the defendant had been improperly admitted and reversed the conviction because "the strict standards established by [Miranda] should have been applied by the trial court to the issue of admissibility at trial."[11]
We conclude that the portions of Miranda we have set out and the other cases we have cited require us to hold that before a confession may be admitted as evidence, the prosecution has the burden of demonstrating that the defendant has been fully advised of his rights under the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States. In the instant case the prosecution did not prove that Woods was advised of his right to have an attorney appointed for him prior to any questioning if he could not afford an attorney. Since the prosecution did not meet its burden, the confession should have been suppressed.
Appellant's second ground for reversal is that the oral confession was inadmissible because it was the product of an unlawful arrest. See Carter v. State, Fla.App. 1967, 199 So.2d 324. We do not discuss this ground, because appellant's first ground is sufficient to require reversal for a new trial. For the same reason we do not discuss appellant's third ground, the contention that the confession was inadmissible because it was obtained during a period of unnecessary delay between the arrest and the presentment before a committing magistrate.
Reversed and remanded for a new trial.
NOTES
[1] Miranda v. State of Arizona, 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694, 726.
[2] Ibid.
[3] Id. 384 U.S. at 478, 86 S.Ct. at 1630, 16 L.Ed.2d at 726.
[4] Id. 384 U.S. at 479, 86 S.Ct. at 1630, 16 L.Ed.2d at 726.
[5] Ibid.
[6] Ibid.
[7] Elrod v. State, 1967, 281 Ala. 331, 202 So.2d 539, 541; People v. Fioritto, Cal. App. 1967, 64 Cal. Rptr. 797, 800; State v. Taylor, Mo. 1967, 421 S.W.2d 310, 312; State v. Ransom, 182 Neb. 243, 153 N.W.2d 916, 917 (1967); State v. Travis, 49 N.J. 428, 231 A.2d 205, 207 (1967); State v. McDaniel, 272 N.C. 556, 158 S.E.2d 874, 880 (1968); Commonwealth v. Sites, 427 Pa. 486, 235 A.2d 387, 389 (1967).
[8] Clark v. State, Fla.App. 1968, 207 So.2d 481; Glover v. State, Fla.App. 1967, 203 So.2d 676; Jones v. State, Fla.App. 1967, 200 So.2d 574, 576, 577.
[9] Fendley v. United States, 384 F.2d 923 (5th Cir.1967).
[10] Id. at 923, 924.
[11] Id. 384 F.2d at 924.