**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roosevelt J. CORBBINS, Defendant-
Appellant.**

**No. 16556.**

United States Court of Appeals
Seventh Circuit.

July 2, 1968.

Rehearing Denied Aug. 5, 1968,
En Banc.

Fairchild, Circuit Judge, dissented.

———◆———

Robert S. Bailey, Oak Park, Ill., for appellant.

Mark W. Perrin, Thomas A. Foran, U. S. Atty., Chicago, Ill., John Peter Lulinski, Gerald M. Werksman, Asst. U. S. Attys., of counsel, for appellee.

Before HASTINGS, FAIRCHILD and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

After a jury trial, defendant was convicted of violating the Dyer Act (18 U. S.C. § 2313) and received a 3-year sentence. This appeal involves two questions: (1) whether defendant was warned of his right to have counsel present during his custodial interrogation, and (2) if so, whether he waived that right. After hearing testimony from defendant and an FBI agent outside the presence of the jury, the District Court determined both these questions adversely to defendant and received his statements. We affirm the judgment.

Defendant was arrested by FBI agent Daniel V. Hogan on March 31, 1966, in the Chicago apartment of Miss Lavidia Williams, pursuant to a warrant of arrest charging him with receiving and concealing a stolen car. Thereupon he was placed in an FBI car and driven to its headquarters in downtown Chicago. Hogan testified that while in the car he immediately advised defendant of his constitutional rights, including his right to consult with an attorney of his choice or appointed counsel.[1] Hogan also told the defendant that he would be appearing before the United States Commissioner later on the same day. When they arrived at the FBI headquarters, Hogan again explained Corbbins' constitutional rights to him.

Hogan testified that he told Corbbins that he could have self-retained or appointed counsel "at that point" [at the time of the interrogation], and that he was entitled to appointed counsel "at any stage of the proceedings."

Defendant's trial counsel, during his cross-examination of agent Hogan, said that he understood Hogan's testimony as showing "that you [Hogan] would get an attorney for him [defendant] at that point while you were in the interview room * * *" if defendant wished counsel to be present. The defendant also testified that "during the interrogation he [Hogan] asked me about an attorney."

In view of the foregoing testimony, the District Court could properly con-

---

1. In connection with the agent's testimony that he advised defendant of his right to appointed counsel under the program then in effect for the defense of indigent defendants in criminal cases in the Northern District of Illinois, it is noteworthy that effective July 1, 1965, that program provided:

> "Where possible it is recommended that advice as to the right of counsel or appointment thereof should be made prior to the initial court appearance at the earliest possible accusatorial * * * extra-judicial proceeding. Upon notification or request to the Court (administrative assistant [to the Chief Judge of the United States District Court for the Northern District of Illinois]) counsel would be furnished as expeditiously as possible."

Although Corbbins denied that Hogan mentioned this program, the trier of facts was entitled to credit Hogan's contrary testimony.

clude that Hogan had advised Corbbins of his right to an appointed or retained attorney during the interrogation.[2] We agree with the District Court's determination that while held for interrogation, defendant was "clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation" within the ruling of Miranda v. State of Arizona, 384 U.S. 436, 471, 86 S.Ct. 1602, 1626, 16 L.Ed.2d 694. Therefore, if he waived that right to counsel, defendant's post-arrest statements were properly admitted at his trial.

As to waiver, Hogan testified that defendant said he understood his constitutional rights, as explained to him. When he was first told he could consult an attorney, he did not respond. When they reached FBI headquarters, defendant was invited to telephone counsel but said he did not care to do so. In fact, defendant advised Hogan that he did not want an attorney present during the FBI interrogation but wished to proceed there without one. He added that he was interested in the appointment of counsel to represent him before the United States Commissioner. But since he had already indicated, after appropriate warnings, that he was not interested in a lawyer during interrogation, the District Court was correct in concluding, as in United States v. Smith, 379 F.2d 628, 632 (7th Cir. 1967), certiorari denied, 389 U.S. 993, 88 S.Ct. 491, 19 L. Ed.2d 486, that he had waived counsel at that stage. Our study of the record convinces us that Corbbins "knowingly and intelligently waive[d] these rights and agree[d] to answer questions or make a statement" within the standards laid down in the *Miranda* case (384 U.S. at p. 479, 86 S.Ct. at p. 1630) and applied in United States v. Hale, 397 F.2d 427 (7th Cir. 1968).[3] Accordingly, the judgment of the District Court is affirmed.

FAIRCHILD, Circuit Judge (dissenting).

Agent Hogan testified, in part, "I said to him, 'Here's the phone. You may call an attorney.' He said, 'No. We will proceed here now. I don't have any money to retain any attorney.' I explained this commissioner's approach [apparently appointment of an attorney later, when appearing before the commissioner] and this was the area that he seemed interested in and this was the extent of it."

There was other testimony, but, respectfully, I am unable to agree that it would support a finding that defendant received an "effective and express explanation" of his right, if indigent, to have counsel appointed before the agent questioned him. Miranda v. State of Arizona, 384 U.S. 436, 473, 86 S.Ct. 1602, 16 L.Ed.2d 694.

---

2. In Fendley v. United States, 384 F.2d 923 (5th Cir. 1967), the conviction was reversed because Fendley was not advised of his right to have court-appointed counsel present during the interrogation.

3. United States v. Nielsen, 392 F.2d 849 (7th Cir. 1968), is not controlling. Before the custodial interrogation proceeded there, the defendant had already told the FBI the name of his retained attorney and refused to sign a waiver of rights form, so that a majority of this Court held there was no waiver of his *Miranda* rights.