216 So.2d 19 (1968)
Ralph CRAIG, Appellant,
v.
STATE of Florida, Appellee.
No. 1416.
District Court of Appeal of Florida. Fourth District.
November 25, 1968.
Rehearing Denied December 19, 1968.
L.B. Vocelle and C. Wendell Harris, Vero Beach, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, and Fred T. Gallagher, Asst. Atty. Gen., Vero Beach, for appellee.
REED, Judge.
The defendant, Ralph Craig, was charged by an indictment with first degree murder by shooting one Aughtman E. Cruce to death on 18 November 1966 in Indian River County, Florida. The defendant's trial by jury began on 3 April 1967 and concluded on 6 April 1967 when the jury returned a verdict finding the defendant guilty of second degree murder.
The defendant's appeal presents to this court seven points for review. We have reviewed the treatment of these points in the briefs and studied the entire record. We conclude that all of these points except Point IV are without merit.
During the trial a lengthy statement by the defendant was admitted in evidence as State's Exhibit 28. Under Point IV of his brief, the defendant argues that the introduction of the statement violated his right to immunity from self-incrimination guaranteed by the Fifth Amendment to the United States Constitution and explicated in Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 1603, 16 L.Ed.2d 694. This statement was in the form of a court reporter's transcript of an in custody interrogation *20 of the defendant by an assistant state's attorney. The transcript was dated 20 November 1966. It was not signed by the defendant and the evidence does not indicate that it was in any other manner adopted by him.
The Miranda case expands the predicate which must be laid[1] before an in custody statement taken from the defendant by investigating officers may be introduced in evidence. This predicate, under the Miranda decision, must include a showing that the defendant was advised prior to the interrogation of his right to consult with an attorney and to have the attorney with him during the interrogation. The state has the burden of proving that the required advice was given. Woods v. State, Fla. App. 1968, 211 So.2d 248; Fendley v. United States, 5 Cir.1967, 384 F.2d 923.
We have examined the record of the preinterrogation warnings given the defendant and conclude that they were inadequate to inform the defendant that he had a right to consult with an attorney prior to the interrogation and to have the attorney present during the interrogation. Compare Woods v. State and Fendley v. United States, supra. See also Atwell v. United States, 5 Cir.1968, 398 F.2d 507, 510.
There is a further reason why the introduction of the statement was erroneous, even if it might be assumed that the warning given to the defendant was adequate. During the preliminary questioning of the defendant, the defendant stated that "in a way" he would like to have an attorney, but concluded that he did not "see how it can help me." Immediately thereafter, without expressly waiving his right to an attorney, the defendant proceeded to answer the questions put to him by the assistant state's attorney. At this point the defendant should have been given an opportunity to consult with an attorney or a clear and unequivocal waiver should have been obtained from him.[2]
For the foregoing reasons the judgment and sentence entered pursuant to the jury verdict of guilty of murder in the second degree are reversed and the cause is remanded to the trial court for a new trial.
McCAIN, J., concurs.
CROSS, J., concurs in conclusion.
NOTES
[1] For a discussion of the mechanics of laying the predicate with regard to the voluntary nature of a confession, and the responsibility of the trial judge in connection therewith, see Williams v. State, Fla.App. 1966, 188 So.2d 320, 327. Similar mechanics should be employed in laying the predicate required by Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 1603, 16 L.Ed.2d 694.
[2] In Miranda v. Arizona, supra, the court at page 1628 of its opinion stated: "* * * If the individual states that he wants an attorney the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning. * * *" (Emphasis added.)