KING, JAMES LAWRENCE, Associate Judge.
The appellant/ defendant below, was found guilty by a jury of the crimes of robbery, assault with intent to commit murder in the first degree, and resisting an officer with violence. He now appeals from his judgment of conviction and sentence to life imprisonment on the robbery count of the information. The sentence of two years on resisting an officer is to run consecutively with the life sentence. Sentence was withheld on the assault charge.
The defendant and his accomplice were apprehended by police officers searching for two men who had held up a gas station on Military Trail. At the time of his arrest on a lonely dirt road, the defendant was carrying a loaded twelve gauge sawed-off shotgun fully cocked and ready to fire. When ordered to halt, the defendant crouched and pointed his weapon at the police officers who immediately fired their own guns wounding both the defendant and his accomplice.
Within approximately thirty minutes after the defendant received emergency medical treatment for his multiple gunshot *583 wounds he was approached by a deputy sheriff who identified himself as a police officer investigating an armed robbery. The deputy had gotten as far as advising the defendant of his right to have a lawyer present, that he did not have to make any statement at all, and that any statement he did make must be free and voluntary, when the defendant said, “I know my rights.” The officer attempted to continue advising the defendant of his further, right to have an attorney appointed if he was indigent when the defendant interrupted and stated, “I did it.”
The defendant contends that the trial court erred by admitting his statements into evidence under the United States Supreme Court opinion prohibiting custodial interrogation without fully advising an accused of his privilege against self-incrimination as set forth in Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974.
We cannot agree with this contention. The admission against interest, made by the defendant under these circumstances, was clearly a statement voluntarily made during the officer’s recital of the defendant’s constitutional rights and not in response to questioning. It was never the intent of the United States Supreme Court to label such statements as inadmissible evidence in the courts of our land.
The Miranda v. Arizona decision, supra, states:
“ * * * Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.”
Therefore, the judgments, convictions, and sentences here under review be and they are hereby affirmed.
Affirmed.
REED and OWEN, JJ., concur.