223 So.2d 52 (1969)
Roosevelt JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 1480.
District Court of Appeal of Florida. Fourth District.
May 13, 1969.
Rehearing Denied June 19, 1969.
*53 Louis R. Bowen, Jr., Public Defender; Franklin H. Baker and Edward G. Helvenston, Asst. Public Defenders, Orlando, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
REED, Judge.
The defendant, Roosevelt James, brings this appeal from a final judgment and sentence of the Criminal Court of Record for Orange County, Florida. The defendant was charged by an information filed in that court with (1) breaking and entering; (2) grand larceny; and (3) possession of burglarious tools. He was represented at the arraignment and trial by a privately retained attorney. Following a plea of not guilty, the defendant was tried in March 1967. The jury found the defendant guilty on all three counts. The public defender represents the defendant in connection with this appeal.
There is no substantial conflict in the facts. The defendant was driving his automobile on the streets of Orlando at approximately 3:00 a.m. on September 16, 1966. He was spotted by an officer of the Orlando Police Department who became suspicious because the vehicle was riding low in the rear. The officer stopped the defendant and checked his driver's license. In doing so he noticed cigarettes on the back seat of the automobile. The officer asked the defendant about the cigarettes on the seat, and the defendant said they belonged to a friend. The officer then asked what was in the back of the vehicle to make it ride so low. The defendant replied that he had "stuff" and "clothes" in the trunk. Next the officer asked if the defendant would open the trunk and let him look inside. The defendant said he would and without hesitation or objection took the keys from the ignition and opened the trunk lid. As the defendant raised the trunk lid he said, "You got me". The officer saw in the trunk a large case containing cartons of cigarettes.
*54 Following the search of the trunk, the officer put the defendant under arrest and immediately warned him of his constitutional rights. In substance the officer told the defendant that he had a right to remain silent, that anything he said might be used against him, and that he had a right to an attorney. Then the defendant was placed in the back of the police car and driven to the Orlando Police Station. While on route, the officer asked the defendant various questions about his possible involvement in a burglary at a local Winn-Dixie store earlier that evening, and the defendant admitted participating in it.
The comments made by the defendant to the arresting officer both before and after the arrest were introduced in evidence through the testimony of the arresting officer. During the testimony of the officer, but before he testified to the admissions made after the arrest, the jury was excused from the courtroom. The state then proceeded to lay a predicate for the introduction of these admissions by proffering testimony showing (1) the advisory which was given by the officer to the defendant relating to his constitutional rights; (2) the voluntariness of the defendant's statements to the officer; and (3) the substance of those statements. With the jury still out, the defendant objected to the proffer of the testimony on the ground that the warning given by the arresting officer to the defendant did not comply with the standards established by Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The trial court ruled that the testimony would be admitted, and the jury returned. The state then proceeded to introduce the testimony of the officer as to his post-arrest conversation with the defendant while on route to the police station.
During the course of the trial the defendant's attorney moved to suppress all evidence obtained as a result of the search of the trunk, and when such was offered in evidence, the defendant's attorney renewed his objection. This objection was overruled and the evidence was admitted.
The questions for decision are:
(1) did the trial court commit reversible error when it admitted in evidence the testimony of the arresting officer as to the statements made to him by the defendant; and
(2) did the trial court commit reversible error by permitting the introduction of evidence obtained as a result of the search of the trunk of the defendant's vehicle.
For purposes of discussing the first question it will be helpful to divide the statements made by the defendant and introduced through the testimony of the arresting officer into two classes, one consisting of the pre-arrest statements and the other the post-arrest statements.
The pre-arrest statements were to the effect that the defendant had "stuff" and "clothes" in the trunk and that the cigarettes spotted on the back seat of the automobile belonged to a friend. They also included the spontaneous "you got me" remark made by the defendant as he opened the lid of the trunk.
The post-arrest statements made by the defendant while he was on route to the police station were to the effect that he actually had participated in the breaking and entering of the Winn-Dixie store earlier that evening.
As to the pre-arrest comments, the defendant argues that they were inadmissible because they were preceded by no warning whatsoever. As to the post-arrest comments, the defendant contends that they were inadmissible because the Miranda warning given by the arresting officer was inadequate.
Considering first the pre-arrest comments, it appears that they were made before the defendant was taken into custody or otherwise substantially deprived of his freedom. For this reason they were *55 made prior to the attachment of the right to Miranda warnings. See Wingard v. State, Fla.App. 1968, 208 So.2d 263. There are additional reasons why the introduction of the defendant's pre-arrest statements regarding the cigarettes, "clothes", and "stuff" should not be considered reversible error even assuming that Miranda warnings were required. These statements were so inconsequential that their admission, if error, was harmless. See Section 924.33, F.S. 1967, F.S.A., and State v. Galasso, Fla. 1968, 217 So.2d 326.
The other pre-arrest statement, i.e., the "you got me" comment, was not inconsequential and undoubtedly was prejudicial to the defendant, but it was a volunteered statement and not the result of in custody interrogation. That Miranda v. Arizona does not apply to such a statement is clear from the language of that decision. See also Battles v. State, Fla.App. 1968, 208 So.2d 150.
Finally, it appears from the record that at no time did the defendant offer any objection at the trial to the introduction of the testimony relating to his pre-arrest comments. For the foregoing reasons we conclude that no reversible error was occasioned by the introduction of the arresting officer's testimony concerning the pre-arrest comments which the defendant made to him.
As to the post-arrest comments a more difficult question is presented. The warning or advisory required by Miranda v. Arizona, supra, as a condition precedent to in custody interrogation includes not only the advice that a person in custody has a right to remain silent and that anything he says may be used against him, but also that he has the right to consult with an attorney before interrogation and to have the attorney with him during interrogation and, further, that if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires. The warning given to the defendant in the present case was incomplete in that it did not advise the defendant that he was entitled to an attorney prior to and during interrogation. Woods v. State, Fla.App. 1968, 211 So.2d 248; Craig v. State, Fla.App. 1968, 216 So.2d 19; and Fendley v. United States, 5 Cir.1967, 384 F.2d 923.
The warning was also inadequate in that it failed to advise the defendant that he had the right to a court appointed attorney if he desired an attorney and could not afford one. The state contends that the omission of the advice respecting defendant's right to a court appointed attorney was not shown to have been prejudicial to the defendant and he, therefore, cannot take advantage of it on appeal. This contention is based upon a comment in the Miranda decision to the effect that a person need not be advised that he has the right to court appointed counsel if he is known to be able to afford one. The state's contention is not sound for the simple reason that there was no showing that the defendant, at the time the Miranda warnings were given, was known to have had ample funds to secure an attorney. The burden is on the state to lay the predicate for the introduction of statements secured by in custody interrogation, and this predicate must include a showing either that the required warning was given or that the defendant was known to have ample funds to afford an attorney and thus did not require the warnings with respect to the right to a court appointed attorney.
We conclude that the warning shown by the record was inadequate under Miranda v. Arizona, supra, for the reasons mentioned. It was, therefore, error for the trial court to have admitted the testimony of the arresting officer as to the defendant's post-arrest statements to the arresting officer. We consider this error harmful.
Because this case must be remanded for a new trial, we will also treat the second question raised for decision here. With respect to the second question, the defendant *56 argues that the search of the trunk of his automobile was an unlawful search in violation of the Fourth Amendment to the United States Constitution and Section 22 of the Declaration of Rights of the Florida Constitution of 1885.
The search of the defendant's trunk was admittedly without a warrant and not incident to a lawful arrest. The only question is whether or not the search was validated by the defendant's consent.
Normally a search which is made pursuant to consent is not unreasonable and, therefore, not in violation of state or federal constitutional rights. James v. State, Fla. 1955, 80 So.2d 699; Longo v. State, 1946, 157 Fla. 668, 26 So.2d 818; and Slater v. State, Fla. 1956, 90 So.2d 453. The facts surrounding the search in question are sufficiently similar to those before the court in Slater v. State that the present situation should be governed by that case. There the defendant said he had no objection to the arresting officer looking into his trunk, personally unlocked the trunk, and offered no objection to the search. It was held in the Slater case that because of the consent, the search was reasonable and not in violation of the defendant's constitutional rights. The same conclusion should apply to the present case.
The defendant contends that before a warrantless search can be validated by consent, the party who is subjected to the search must be given a "Miranda type" warning advising him of his right to resist the search. In support of this proposition defendant cites United States v. Blalock, E.D.Pa. 1966, 255 F. Supp. 268. That case held that a person must be informed of his right to resist a search, in the absence of other evidence showing he knew of his right to resist; otherwise, his consent is ineffectual. In our opinion, the argument of the defendant and the holding of the Blalock case apply a concept of waiver which has been developed to protect certain unqualified rights, i.e., the Fifth Amendment right to remain silent and the Sixth Amendment right to an attorney, inappropriately to the Fourth Amendment which confers only a qualified right. This concept of waiver is inappropriate because if the search is not unreasonable it is not prohibited, and no waiver is necessary. In Gorman v. United States, 1 Cir.1967, 380 F.2d 158, the Court of Appeal for the First Circuit rejected the view proposed by the defendant that specific warnings are a condition precedent to a consent to a warrantless search.
The better rule, which has been followed in Florida and other federal jurisdictions, is that consent will validate a warrantless search where the consent is the voluntary act of the defendant as distinguished from a manifestation of consent produced by the coercion of governmental agents. James v. State, Longo v. State, and Slater v. State, supra. See also Pekar v. United States, 5 Cir.1963, 315 F.2d 319, 324 where the court said:
"It is clear that in the absence of a search or arrest warrant the premises of a person may be searched if there has been given to the authorities a free and voluntary consent that they may do so. * * *. But it is equally clear that if this consent is obtained by the use of force or pressure, or where superior authority had any place in the obtaining of the consent, the consent is no consent at all, and the constitutional guarantees against unreasonable searches and seizures have been violated."
See also United States v. Vickers, 4 Cir.1967, 387 F.2d 703, where the court indicated that consent to a search is voluntarily given in a situation where the party to be searched understands that his consent is being asked for rather than ordered.
Whether or not consent has actually been given or is simply a manifestation of consent produced by coercion is a question for the trial judge, and his determination must be accepted on appeal *57 unless clearly erroneous, United States v. Vickers, supra. In the present case, the trial judge concluded that the requisite consent had been given and, on the basis of the evidence in the record before this court, it cannot be said that the finding of the trial court was clearly erroneous. We conclude that the search of the defendant's trunk was legal and that no error was committed by the trial court by permitting the introduction of evidence secured as the result of that search.
For the reasons previously stated, the final judgment and sentence of the trial court are reversed and the cause remanded for a new trial.
Reversed and remanded.
WALDEN, C.J., and McCAIN, J., concur.