**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Earl Miller ROBERTSON, Defendant-Appellant.**

**No. 27968.**

United States Court of Appeals, Fifth Circuit.

March 18, 1970.

**1387**

Gary B. Tullis, Jacksonville, Fla. (court-appointed), for defendant-appellant.

William Stafford, Clinton Ashmore, U. S. Attys., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before PHILLIPS *, BELL, and SIMPSON, Circuit Judges.

BELL, Circuit Judge:

Robertson was indicted and convicted after a jury trial for transporting a stolen Cadillac automobile in interstate commerce. 18 U.S.C.A. § 2312. He was represented on trial by employed counsel. He is represented here by court appointed counsel.

The assignments of error relate to the admissibility of certain evidence. Appellant relies on Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The proof disclosed that the automobile was stolen in Springfield, Illinois on February 13, 1968. On February 21, 1968, appellant applied to a clerk in the State Motor Vehicle Department of Tallahassee, Florida for a Florida motor vehicle title for a 1967 Cadillac. He gave the clerk a Mississippi registration certificate which aroused her suspicion since it was yellow and not white in color as was the usual case with Mississippi certificates. The clerk also noticed that a prefix letter had been left off the serial number. She knew that all Cadillac serial numbers carried a prefix letter. The clerk also suspected that the Florida address given by Robertson was fictitious. She issued the new certificate but immediately called the police. The police officers came to the office of the clerk and were told of her suspicions and shown the documents received from Robertson.

The police officers began looking for the Cadillac in question and found it some 10 to 15 minutes later on the street. A man fitting the description of the man described by the motor vehicle department clerk approached the car and the police officers identified themselves to him. It developed that this man was appellant Robertson and that he had a new Florida tag and title registration certificate in his hand. The officers informed him that there was some irregularity in the title papers which he had presented to the Motor Vehicle Department. He was asked if the tag and title were for that particular automoible and he answered that they were for another automobile. The officers inquired as to the address which Robertson had given the clerk and he stated that he had not yet moved to that address.

The door to the Cadillac was open and one of the officers observed that the number on the doorpost plate was the same as that on the registration certificate except that the serial number on the doorpost bore the prefix "F". Robertson also stated that the automobile was not his but was owned or leased by the company for which he worked. He gave the officers the protect-o-plate which was in the glove compartment. The officers also took possession of the Florida Certificate of Title and the Florida license tag.

On the trial, the statements given to the police officers regarding the address, the ownership of the automobile, and the claim that the tag and registration certificate were for another automobile were all allowed in evidence over objection. The same was true as to the new registration certificate and the Florida tag as well as the protect-o-plate and the officer's statement regarding the serial number on the doorpost.

The Miranda warnings had not been given to Robertson up to the point when this evidence was obtained. We

* Of the Tenth Circuit, sitting by designation.

**1388**

hold, however, that its acquisition falls under the on the scene questioning exception to *Miranda* wherein the court stated:

"General on-the-scene questioning as to facts surrounding a claim or other general questioning of citizens in the factfinding process is not effected by our holding." 384 U.S. at pp. 477–478, 86 S.Ct. at p. 1629.

See United States v. Montos, 5 Cir., 1970, 421 F.2d 215; Jennings v. United States, 5 Cir., 1968, 391 F.2d 512; United States v. Gibson, 4 Cir., 1968, 392 F.2d 373; Allen v. United States, 1968, 129 U.S. App.D.C. 61, 390 F.2d 476.

■ The officers arrested Robertson after the on-the-scene questioning and took him to jail. He was warned en route of his Fifth and Sixth Amendment rights in the context of *Miranda*. Robertson contends that the warning was inadequate in that he was not told that he had a right to have a lawyer present during questioning. This court held in Fendley v. United States, 5 Cir., 1967, 384 F.2d 923, that *Miranda* was violated where the advice as to appointed counsel being available was limited to appointed counsel "when he went to court." See also Gilpin v. United States, 5 Cir., 1969, 415 F.2d 638. There was no such limitation here. Robertson was told of his right to remain silent, the right to have a lawyer, and that if he couldn't afford a lawyer, the state would furnish him one. Robertson replied that he didn't feel that he needed the services of a lawyer at that particular time. His wife sent him a lawyer within 45 minutes after he reached the jail. We hold that the warning was adequate under the circumstances. Thus the evidence that appellant stated that he drove the automobile from Atlanta, Georgia to Tallahassee, Florida was admissible.

Affirmed.