435 F.2d 152
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence T. PRIDGEN, Defendant-Appellant.
 No. 29610 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 November 24, 1970.
 
 Dean A. Andrews, Jr., Michael F. Barry, New Orleans, La., for defendant-appellant.
 Gerald J. Gallinghouse, U. S. Atty., Joseph R. McMahon, Jr., Asst. U. S. Atty., New Orleans, La., for the United States.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a judgment wherein defendant was convicted upon a jury trial of two counts of violation of 18 U.S.C.A. § 659, theft and possession of goods moving in foreign commerce. Defendant, a private security guard, was charged with stealing carnival beads from a box on the New Orleans wharves. Defendant contends that he was not adequately informed of the constitutional rights due him under Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, before giving a confession. We disagree and affirm.
 
 
 2
 The record shows that Officer Cade London of the Harbor Police discovered defendant removing beads from a box and placing them into his car. Replying to an inquiry as to what he was doing, defendant answered that he was taking some beads home to his granddaughter. Officer London then left, and returned shortly with two other policemen, Lieutenant Pritchard and Patrolman Wenzel. Pritchard asked defendant where he got the beads, and defendant replied that he had bought them. Defendant was then placed under arrest and advised immediately of his Miranda rights. At the police station, the warnings were repeated when Lieutenant Pritchard read them to defendant from an arrestee card.
 
 
 3
 It is clear from the record that the questions asked of defendant and his responses to them before defendant was warned of his rights fall under the on-the-scene questioning exception to Miranda, wherein the court recognized:
 
 
 4
 "General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding." 384 U.S. at pp. 477-478, 86 S.Ct. at p. 1629, 16 L. Ed.2d at 725.
 
 
 5
 United States v. Robertson, 5 Cir., 1970, 425 F.2d 1386, is directly in point on this issue. See also United States v. Montos, 5 Cir., 1970, 421 F.2d 215; Jennings v. United States, 5 Cir., 1970, 391 F.2d 512. In any event, such pre-custody activity is insignificant to the point of being harmless error when it is juxtaposed to defendant's later admission of the crime after twice having been informed of his Miranda rights. Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.
 
 
 6
 We have examined defendant's other contentions and find them without merit.
 
 
 7
 Affirmed.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F. 2d 409, Part I