### STATE v. MULLINS.
No. 71-396.

Court of Record, Brevard County.

November 10, 1971.

A. J. Kutsche, Assistant County Solicitor, Titusville, for the state.

Joseph R. Moss, Assistant Public Defender, Cocoa, for the defendant.

JOE A. COWART, Jr., Judge.

*Order suppressing a confession (Cr.PR Rule 1.190(i)):* This cause coming on to be heard on August 16, 1971 before trial upon motion under CrPR Rule 1.190(h), of the above-named defendant

to suppress a statement in the nature of a confession or admission allegedly made by the accused and the court having considered said motion and having held an evidentiary hearing and having received all evidence adduced by the parties on all issues of fact necessary to be decided in order to rule on the motion (CrPR Rule 1.90(i)(3)) finds from the credible evidence, as a matter of fact, that —

*Facts:* (1) the accused was arrested by city and county officers and then first held in the custody of city law enforcement officers; (2) the accused was advised of his constitutional rights under Miranda;[1] (3) the officer qualified his advice by indicating that it would probably be Monday afternoon before the court could appoint him an attorney;[2] (4) the accused promptly and clearly and unequivocally without question indicated to the advising officer that he would not make a statement without a lawyer being present;[3] (5) the advising officer then further advised the accused that the officer would like to talk to the accused "off the record"[4] and convinced him that because he had been warned of his rights anything that the accused now said could not be used against him; (6) the officer continued to interrogate the accused;[5] (7) the accused was told he was charged with rape; (8) relying on the officer's assurances that his statements could not be used against him and motivated to clear himself of the charge of rape, the accused made what he though was an exculpatory statement[6] by admitting sexual relations with the alleged victim but asserting consent on her part; (9) the custody of the accused was then transferred from city police officers to Brevard County sheriff's department personnel; (10) the city officers told county agent Ball that the accused had requested

---

1. Miranda v. Arizona, 1966, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602, 10 ALR3d 974.

2. Tr. 8.

3. Tr. 5, 6, 16, 46.

4. Tr. 7, 10, 11. The officer was a municipal police officer and was concerned with a jurisdiction problem and determined from the accused "where" the crime occurred in order to ascertain if the crime had occurred within the municipal city limits (Tr. 7, 9).

5. This action also violated the Miranda directive that "If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease."

6. This case well illustrates the wisdom of the observation in Miranda that "In fact, statements merely intended to be exculpatory by the defendant are often used . . . to prove guilt . . ." "In Escobedo itself, the defendant fully intended his accusation of another as the slayer to be exculpatory as to himself." (page 1013 of 10 ALR3d)

an attorney;[7] (11) the county law enforcement officers, including agent Ball, also warned the accused of his constitutional rights under Miranda; (12) the accused this time did not request legal counsel[8] and proceeded, in response to interrogation, to make a statement similar to that he had already made to the city officers; and (13) the accused was then charged with the offense of sexual intercourse with an unmarried idiot (§794.06, F. S.).

*Issue:* The defendant contends that (1) his "city" confession was induced and obtained by violating his constitutional rights; (2) he made his "county" confession only because he had already told the city officers about it and the county officers "already knowed it";[9] and (3) the invalid confession led to and tainted the second confession.

The state contends that while the accused may have at one time desired to assert his constitutional right to counsel during custodial interrogation he had a right to, and did, later waive that right and made a valid confession.

*Law:* Miranda provides that if the accused indicates "in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease."

One refusal or request for counsel may preclude all further interrogation. People v. Fioritto, Calif. 1968, 441 P.2d 625, 4 Cr.L.Bul. 433, 434; U.S. v. Priest, 409 F.2d 491; Wakeman v. State, Fla. App. 1970, 237 So.2d 61.

An accused in custody may first request then later waive counsel, Rivera Nunez v. State, Fla. App. 1969, 227 So.2d 324.

A second confession following a confession inadmissible because of coercive influence (as distinguished from one inadmissible because of failure to give constitutional warnings) is also inadmissible unless it affirmatively appears that the "overbearing physical or mental pressure" invalidating the first confession was removed before the second confession was taken. State v. Outten, Fla. S. Ct. 1968, 206 So.2d 392, reversing Outten v. State, Fla. App. 1967, 197 So.2d 594.

The state relied, before the trial court, entirely on Outten to support its position that the second or "county" confession is valid

---

7. Tr. 12.

8. Tr. 48, 49. "Well, when he asked me if I wanted an attorney, I told — I may as well tell him the same thing that I told the other officers, because he already knowed it."

9. Tr. 49.

and admissible. The defendant does not feel Outten controls here for many reasons, including the following —

(1) As clearly pointed out in Outten, 206 So.2d at page 395, top of right column, that case was tried before Miranda was decided and the court applied only the earlier Escobedo standards and not those of Miranda, consequently the effect or consequences of failing to give Miranda warnings or violating the Miranda directives under any circumstances was not decided in Outten.

(2) The first confession in Outten would have been valid even under Miranda (and hence could not have tainted the second confession) because Outten "volunteered" (page 394) his first confession; he "first confessed *of his own volition*" (page 395); ". . . there was no showing that the process of interrogation had been initiated" (page 395). Miranda does not apply to situations of this type [10] and a case involving such a situation can have no precedent value in examining any Miranda warning problem not involving a volunteered, gratuitous, spontaneous statement.

*Decision:* Outten does not apply here because of the reasons given above. The city and county officers while acting independently for some purposes both act as state functionaries for constitutional purposes. [11] The advice of the city police officers to the accused, after he had requested an attorney, that nothing he said could be used against him and their action in continuing to question him in law and good conscience should and does constitute "substantive influence" and bars the state from using his statements then made to the city officers. The making of the first statement to the city officers directly led to and caused [12] or induced the making of the second statement to the county officers; therefore, the second statement is the "fruit" of the first and is fatally tainted by the infirmity of the first.

As a matter of governmental integrity the court should keep the promise of the city officers (referred to in footnote 4) that after warnings — and request for counsel — anything he said could not be used against him.

---

**10.** Anderson v. State, Fla. App. 1968, 207 So.2d 518; Battles v. State, Fla. App. 1968, 208 So.2d 150; Cameron v. State, Fla. App. 1968, 214 So.2d 370; Hawkins v. State, Fla. App. 1969, 217 So.2d 582; Putnam v. State, Fla. App. 1969, 227 So.2d 60.

**11.** Waller v. State, 1970, 397 U.S. 387; 90 S. Ct. 1184; 25 L.Ed.2d 435, 7 CrL 3017, overruling Waller v. State, Fla. App. 1968, 213 So.2d 623.

**12.** See Harney v. U.S., 5th Cir. 1969, 407 F.2d 586.

While there was not trickery in this case to recognize, as permissible, any technique or procedure by which an accused, who has requested counsel, can be lulled into talking confidentially "off the record" then when the cat is out of the bag again being advised of his rights and then questioned about the same facts could lead to circumventing the spirit of Miranda. Everybody who has ever said anything he later learned he should not have said knows that you cannot put the cat back into the bag.

The second or later county Miranda warning is also insufficient under the Miranda directive that the warning must be given "when the individual is *first* subjected to police interrogation" and that such safeguards *"must* come into play at this point."

It is therefore ordered and adjudged that the motion of the defendant under CrPR Rule 1.190(i) to suppress both statements of the accused made to law enforcement officers while in custody, be, and the same are hereby, suppressed and held inadmissible in evidence in the trial of this cause.