JOHNSON, Chief Judge.
This is an appeal from a judgment of conviction based upon a jury verdict of guilty of the charge of having broken and entered a building with intent to commit grand larceny.
From the facts as shown from the record, a deputy sheriff had observed a man whom he knew, and later identified as the appellant here, about 1:30 a.m. to 2:30 a.m. on a Saturday night driving his automobile up and down a certain road in Taylor County. He saw him go to a truck stop filling station and apparently pick up some kind of a tool. This tool was not admitted in evidence, however. Sometime during the earlier part of the same Saturday night Simpson’s sawmill office was broken into and the safe stolen and carried away. The next day, Sunday, the safe was found in a trash or garbage dump a mile or two down the same road where the officer had observed the defendant traveling two or three trips late the night before, really during the earlier hours of Sunday, about 1:30 to 2:30 a.m.
That same Sunday afternoon late, about 8:30 p.m. the officer, together with another officer went out to the house of the defendant, who was asleep at the time but got up and dressed and came out to see what the officer wanted. The defendant knew the officer was a deputy sheriff of Taylor County. The deputy advised the appellant about the stolen safe, where it was found and also that the deputy was of the “mind” that appellant was involved or had something to do with it and asked if he, the appellant, had any objections to him looking in his automobile. To this question the appellant said not a bit in the world and proceeded to unlock the trunk of the car for the deputy’s inspection. It was from this inspection that the paint scrapings were obtained and a chisel found in the trunk of the car with some of the paint thereon, which were offered in evidence and to which the objection was made on ground of an illegal search and seizure because the Miranda warning was not given to the appellant before looking into the trunk of the auto. The trial court gave very serious consideration to this question and questioned respective counsel for the State and appellant, in the absence of the jury, before~reaching a decision to admit such evidence. In its ruling on the question, the court stated.that it found that the “State laid a predicate on which a pre *34 sumption of intelligently and knowingly and voluntarily consenting to the search can be found and rules that the consent was freely and voluntarily and intelligently given.”
This ruling and the admission of this evidence forms the main thrust of appellant’s appeal, appellant’s contention being that without the Miranda warning the consent could not and was not intelligently given.
The appellant cites as his most recent authority for his position the case of Perkins v. Henderson, 418 F.2d 441, decided November 12, 1969, by the United States Fifth Circuit Court of Appeals. In the cited case the officers went to the house of the suspect and questioned him at great length about the burglary and then asked permission to search his car. At this point in the evidentiary hearing before the District Court from whom the appeal was taken, there is a dispute as to whether or not consent to search the auto was given or not. The officers testified that the suspect gave his permission, but the suspect, who by the time of the hearing before the District Court was the defendant, testified that permission was neither requested nor granted. Therefore, the District Court was justified in finding from the controverted testimony, that the consent was not voluntarily and intelligently given. The Fifth Circuit Court of Appeals affirmed. This case cannot give the appellant too much comfort, though, because the record in the case sub judice does not contain such conflict in the testimony.
It must be remembered that at the time of investigating the appellant’s car, the appellant was not under arrest, he was only a suspect. He was so informed by the officer, who advised the appellant that he only thought the defendant was involved because of seeing him driving down the road toward where the safe was found at a late hour of the night. The appellant has never denied that he gave the consent to search his car nor that he in fact unlocked the trunk for the officer to look. His cooperation with the officers was so complete as to almost indicate a self-assuredness that nothing incriminating could be found in the trunk of his car.
 We can readily see some sound reasoning for the giving of Miranda warnings in proper cases, but we do not believe any of our courts, state or federal, have gone so far as hold that the officers conducting an investigation must proclaim Miranda warnings to all persons, suspect or not, with whom they come in contact during their investigation. Neither do we feel that the power or right to give voluntary consent has been prohibited by the courts. We feel that it is about time that the criminal element, especially those who have been convicted, should realize that the courts recognize a distinction between the defendant’s unintelligent waiver of constitutional rights, the giving of confessions and consents, and the defendant being on the horns of a dilemma wherein he claims coercion as his only out, as was ably put in Gorman v. United States, 1 Cir., 380 F.2d 158, at page 165, “Bowing to events, even if one is not happy about them, is not the same thing as being coerced.”
In the case sub judice, there was no evidence of fear on the part of Mr. Cockerham at the time he gave his consent. There were no threats, no force, and therefore we can see no reason why the trial court, or this court, should disregard or discount the intelligent suspect’s expression of consent simply because he was caught in a bad situation where to refuse would harden the officer’s suspicion, whereas to consent, thinking nothing could be found, was a course of conduct proclaiming innocence. In this case the evidence was found. We conclude our decision on this point by adopting the statement of the Fourth District Court of Appeal of Florida in James v. State, 223 So.2d 52, speaking through Judge Reed, as follows:
“The better rule, which has been followed in Florida and other federal jurisdictions, is that consent will validate a *35 warrantless search where the consent is the voluntary act of the defendant as distinguished from a manifestation of consent produced by the coercion of governmental agents.”
As to appellant’s first point on appeal, we find same to he without merit. It was a jury question and there was sufficient competent evidence to support the verdict of guilty in view of our holding supra that there was no error in admitting the evidence found in the trunk of appellant’s car.
The judgment and order appealed from is therefore affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.