PIERCE, Chief Judge.
The State of Florida appeals to this Court from an Order granting the motion of Rebecca E. Patterson, s/k/a Rebecca Hildoer, to suppress as evidence certain articles, including marijuana drug, seized from her automobile.
On October 24, 1970, at around 4:30 A.M. appellee Rebecca E. Patterson was stopped for speeding by a uniform patrolman in St. Petersburg Beach, Pinellas County, Florida. Upon inspection of her driver’s license the patrolman inquired as to ownership of the car and Rebecca told him it “belonged to a friend of hers”. Asked who the friend was, she did not answer. Instead, “she went around to the rear of the car to the trunk and opened the trunk and produced a Florida registration for the car”. The registration showed it belonged to a man who she stated “was at Lake Butler” who had been “arrested for auto theft”. The officer stated that he “observed the defendant for several minutes, as she appeared to be a little bit high, her eyes were glassy, she complained of a severe headache, and her speech was somewhat slurred, almost to the point of being thick-tongued, and having related her friend had been arrested, I asked if she had ever been arrested”, to which she answered yes, for “using heroin”. She denied she was then in possession of any drug.
The officer then testified that she asked him, “Do you want to look in my car?”, to which he replied, “Yes, if it is all right with you”. The officer accepted this invitation and looked through the car, observing a “clear plastic bag that appeared * * could have been marijuana” in the glove compartment. While further inspecting the car the patrolman noticed that Rebecca “took the clear plastic bag out of the glove compartment and dumped the contents out on the ground. Then she dropped the clear plastic bag”. The patrolman then “picked the contents up off the ground and the bag and placed the contents back into- the bag. I asked the defendant what she was doing. She replied: ‘Getting rid of the grass’ * * * I questioned the defendant reference to her arrest, a previous arrest and conviction, asked her if she was on probation. She stated she was on probation from Pennsylvania, stated she came to the State of Florida and was attempting to have Florida pick up her parole, but they refused to do so.” A laboratory analysis of the contents of the bag later confirmed that the substance was marijuana.
The question before the lower Court, and now before us on appeal, is whether or not the officer was within his legal rights to stop the car and take possession *400 of the bag and contents. The lower Court held that he was not so authorized. We do not agree, and reverse.
In the first place, it will be observed that the policeman did not at first arrest her. She had concededly been speeding and he was merely questioning her as he then had a right to do. Brown v. United States (1966), 125 U.S.App.D.C. 43, 365 F.2d 976; Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688. It was while he was questioning her that he noticed her physical condition, and upon asking her as to any previous arrests, she admitted she had been “for using heroin”. It was upon her direct invitation to search the car that the officer looked inside, noticed the plastic bag in the glove compartment which gave reasonable indication of containing marijuana, and then later saw her take the bag out and empty the contents on the ground, which contents later proved to be marijuana drug.
This clearly justified the seizure of the drug and its admission later into evidence. Legally the officer would have been justified in arresting Rebecca for speeding, especially in her physical condition which was somewhat inconsistent with safe driving at about 4:30 in the early morning on a public highway. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Church v. State, Fla.App.1970, 244 So.2d 506.
Moreover, Rebecca not only consented to the search of the car, but actually initiated the subject-matter by inviting it. Rebecca could not thereafter validly object to either the search or the seizure. Slater v. State, Fla.1956, 90 So.2d 453; Range v. State, Fla.App.1963, 156 So.2d 534; Cacciatore v. State, Fla.App.1966, 186 So.2d 32; Talavera v. State, Fla.App.1966, 186 So.2d 811; Mims v. State, Fla.App.1966, 192 So. 2d 62.
Furthermore, it is doubtful if Rebecca, admittedly not the owner of the car, could object to the search. Alexander v. State, Fla.App.1959, 107 So.2d 261; Gispert v. State, Fla.App.1960, 118 So.2d 596; State v. Smith, Fla.App.1960, 118 So.2d 792; McCain v. State, Fla.App.1963, 151 So.2d 841.
We must hold therefore that the motion to suppress the marijuana evidence should have been denied and that the order granting the motion was erroneously entered. The order appealed is therefore—
Reversed.
LILES and McNULTY, TJ., concur.