283 So.2d 49 (1973)
STATE of Florida, Appellant,
v.
Clifford Frank HETZKO, Jr., Appellee.
No. 73-340.
District Court of Appeal of Florida, Fourth District.
September 19, 1973.
*50 Philip S. Shailer, State Atty., and Robert G. Cowen, Asst. State Atty., Fort Lauderdale, for appellant.
Patrick N. Chidnese, Fort Lauderdale, for appellee.
MAGER, Judge.
Defendant was charged with the felony offense of possession of marijuana in excess of 5 grams. A hearing was held before the trial court on defendant's motion to suppress. It was defendant's contention, in essence, that the seizure of the marijuana was the result of an unlawful entry into his home. The trial court entered an order granting defendant's motion to suppress; it is from this order that the state appeals.
The essential facts, which are not in dispute, are set forth as follows. On December 27, at approximately 3:20 A.M. two police officers from the City of Fort Lauderdale were dispatched to the defendant's address. Apparently a complaint had been made regarding a disturbance and a possible fight. Upon arriving at the apartment building wherein defendant resided the police officers spoke to the man who had made the complaint and were directed to apartment No. 11 occupied by the defendant. The officers proceeded to defendant's apartment and found that the door was completely open. The officers heard loud music coming from inside and were able to observe through the open door a figure sitting in a chair. The officers knocked several times on the wall and door and called out to the person in the chair trying to arouse him but without success.[1] The officers then entered the apartment in order to determine the condition of the defendant.[2] While inside the apartment and approximately within 6 or 7 feet from where defendant was lying motionless in the chair, the officers observed on the kitchen table a clear plastic type baggie container with a substance that appeared to be marijuana contained in it. The defendant was finally aroused, placed under arrest for possession of marijuana and advised of his rights.[3]
It is undisputed that the officers had no prior knowledge of the presence of marijuana in defendant's apartment; nor did the officers possess any warrant. It is equally clear from an examination of the circumstances surrounding the entry by the police officers that they were concerned about the condition of the motionless figure *51 in the chair and entered for the purpose of ascertaining defendant's true condition. See footnotes 1 and 2.
In our opinion, the exigency of the circumstances confronting the police officers constituted a sufficiently reasonable predicate upon which to enter the defendant's premises so as to validate the entry and render the marijuana admissible in evidence.
This court's recent decisions in Webster v. State, Fla.App. 1967, 201 So.2d 789, and State v. Bell, Fla.App. 1971, 249 So.2d 748, lend support to our view and set forth general principles which we feel are particularly applicable to the case sub judice.[4] In Webster the court observed at 201 So.2d pp. 791, 792:
"In determining matters under the Fourth Amendment of the Constitution of the United States, and Section 22 of the Declaration of Rights, F.S.A., as contained in the Florida Constitution, we must bear in mind the basic principle that it is only `unreasonable' searches that are prohibited, not all searches. Whether a particular search is or is not reasonable must be determined by the circumstances surrounding the search and the manner in which it was conducted. (Citations omitted) The reasonableness or unreasonableness must be determined largely by the facts of the particular case.
"The constitutional provision regulating searches and seizures is intended to protect persons against oppression and not to bring into being numerous minute technical obstructions against the enforcement of criminal law.
(Citation omitted.)
* * * * * *
"The general rules governing searches and seizures are subject to the exception of emergency situations, sometimes called the `exigency rule.' The reasonableness of an entry by the police upon private property is measured by the circumstances then existing. The right of police to enter and investigate in an emergency, without an accompanying intent either to seize or arrest, is inherent in the very nature of their duties as peace officers and derives from the common law. United States v. Barone, 330 F.2d 543 (2d Cir.), supra. The preservation of human life is paramount to the right of privacy protected by search and seizure laws and constitutional guaranties; it is an overriding justification for what otherwise may be an illegal entry ..."
In Webster, the police officers were presented with a circumstance not unlike the facts in the case under consideration:
"... Seeing a person in that position, motionless and with a pillow over the head, it was only reasonable for the officers to assume the person was in great distress or dead. There was no element of trespass or fraud in the officers' entry into the defendant's home. They were merely doing their duty when they entered the defendant's premises under these circumstances; Their duty certainly being to effect a rescue or to render aid to someone whom they had reasonable belief was in dire peril." 201 So.2d 792.
In State v. Bell, supra, this court, in ascertaining whether reasonable grounds existed for police officers to have entered a premise without a warrant, observed that such determination is ascertained:
"`[N]ot by analyzing the effect of each known circumstance in isolation, but by a conclusion of what a reasonable man, knowing all the facts within the cognizance *52 of the officer would have believed under all the circumstances. These are not technical but are factual and practical considerations of everyday life upon which reasonable and prudent men act, not legal technicians. * * *'" 249 So.2d 751.
In the case sub judice the police officers' presence at the apartment building was based upon their being dispatched pursuant to a complaint; the complaint occurred in the early hours of the morning; the complaint suggested a fight or some other disturbance; the police officers heard loud music coming from the defendant's apartment; the door to defendant's apartment was fully ajar; a man was seen sitting in a chair in the living-room and was unable to be aroused by the officers' banging and shouting. The officers had every reason to believe that the defendant was in distress or that some foul play had occurred. The circumstances suggested immediate action and presented a situation within the exigency rule enunciated in Webster. The "criterion is the reasonableness of the belief of the police as to the existence of an emergency, not the existence of an emergency in fact". Webster v. State, supra.
Faced with these circumstances, the officers would have been derelict in their duty had they acted otherwise. Their entry was consistent with the duty of police forces to patrol the community, preserve the peace and maintain law and order as well as consistent with generally accepted crime prevention activities.
It is important to point out that crime prevention and patrol activities, just as the Fourth Amendment, seek to promote the protection of the citizen and citizenry. Certainly a balance must be maintained between the recognition of the liberty of a citizen to be free from unreasonable searches and seizures and the recognition of the common sense performance of law enforcement activities. It is the duty of the court to seek a reconciliation of these principles whenever circumstances suggest a collision course; such reconciliation is not determined by a pronouncement of general principles of recognition but rather by an evaluation of the facts of the particular situation and an application of these principles to those facts.
Under the circumstances of this case the entry by police officers was proper and the marijuana being contraband in plain view was lawfully seized and admissible into evidence.
We therefore conclude that the trial court was in error in granting the motion to suppress; the order of the trial court is vacated and set aside and the cause remanded for further proceedings consistent with this opinion.
OWEN, C.J., and WALDEN, J., concur.
NOTES
[1] One of the officers testified that he "screamed a couple of times, and banging on the door to try to wake him up but he didn't wake up".
[2] One of the officers testified that "the reason for going into the apartment, a man apparently unconscious after receiving a call of a possible fight". The other officer testified "so we went in to check to make sure he was all right".
[3] After having been advised of his rights the defendant made a statement admitting that the marijuana was his.
[4] We are not herein concerned with those cases involving an entry made for the purpose of effectuating an arrest whether with or without a warrant. See, for example, Earman v. State, Fla. 1972, 265 So.2d 695, and Benefield v. State, Fla. 1964, 160 So.2d 706. We are instead dealing with a situation involving an entry per se into a private home without a warrant based upon exigent circumstances. See State v. Webster, supra.