356 So.2d 920 (1978)
STATE of Florida, Appellant,
v.
Timothy WISE, Appellee.
No. 76-1372.
District Court of Appeal of Florida, Second District.
March 29, 1978.
*921 Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellant.
B. Randall Griffiths, St. Petersburg, for appellee.
GRIMES, Judge.
The state argues that the court erred in granting a motion to suppress marijuana seized from within appellee's residence. We agree and reverse.
The evidence presented at the hearing on the motion revealed that several police officers went to appellee's residence in the evening for the purpose of arresting him pursuant to some warrants. When the police knocked at the front door, the appellee came out the back door. He was apprehended in the yard next door by Officer Carroll. The appellee, who was not wearing a shirt, was handcuffed and led to the front of the house.
According to Carroll, appellee requested permission to return to his home in order to obtain a shirt. When Carroll refused to permit this, appellee asked the officer to go into the front bedroom to get a shirt for him. Carroll agreed to do so. While in the room designated by appellee, Carroll noticed an open paper bag immediately next to the dresser from which he was seeking to obtain the shirt. The bag contained what appeared to him to be several bags of marijuana. Carroll seized this evidence which became the subject of the suppression order entered below. The record does not reflect when, if at all, the appellee was given Miranda warnings.
We note that at this point in the proceedings the state had presented a prima facie showing of a free and voluntary consent for Carroll to enter the residence, and a prima facie showing that the marijuana seized therein was discovered in plain view. One who initiates and invites a search cannot thereafter object to either the search or the seizure of items discovered as a result of the search. State v. Patterson, 252 So.2d 398 (Fla. 2d DCA 1971). The fact that Miranda warnings may not have been given is irrelevant since a warrantless search can be validated by consent despite the lack of *922 warnings. Cockerham v. State, 237 So.2d 32 (Fla.1st DCA 1970); James v. State, 223 So.2d 52 (Fla.4th DCA 1969).
The appellee never presented any substantial evidence in support of his motion, but this may have been because he was never called upon to do so. Midway during the interrogation of the appellee's first witness, the court indicated that appellee's motion to suppress with respect to the marijuana found in the house would be granted.[1] Defense counsel got the message and closed his case in short order. In view of our decision, we believe that fairness dictates that the appellee be given another opportunity to present evidence in support of his motion, after which the trial court can make its ruling on the merits.
The order of suppression is reversed, and the case is remanded for further proceedings consistent with this opinion.
BOARDMAN, C.J., and HOBSON, J., concur.
NOTES
[1] The motion to suppress as it related to a bag of marijuana found on the roof of the neighbor's house near where appellee was apprehended was denied. This aspect of the court's order has not been attacked in this appeal.