384 So.2d 277 (1980)
Paul JORDAN, Appellant,
v.
STATE of Florida, Appellee.
No. 79-219.
District Court of Appeal of Florida, Fourth District.
June 11, 1980.
*278 Richard L. Jorandby, Public Defender, and Bruce Zeidel, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant entered a plea of nolo contendere to the offense of burglary, reserving the right to question on appeal from the judgment of guilty the trial court's order denying his motion to suppress.
Appellant did not appear at the hearing on his motion to suppress. The only two witnesses who testified were two police officers, one who first took the appellant into custody (Officer Stracuzza) and one who later took a statement from appellant at the police station (Detective Springman). At the suppression hearing, Officer Stracuzza testified that he and Officer Inglis received a call concerning a burglary which occurred at Chuck's Steak House in Plantation, Florida. They responded to the scene and were given a description of two individuals who were seen breaking into a parked automobile. Investigation revealed that an 8-track stereo had been removed therefrom. The two officers then drove to a pawn shop about two blocks from the Steak House and inquired of the proprietor regarding persons fitting the description of the suspects. They learned that two boys fitting the description had just left the shop. The officers departed but were very shortly thereafter notified that the two boys had returned to the pawn shop. As the officers were returning to the pawn shop they saw two boys, each carrying a paper bag, who matched the description furnished the police. The officers exited the car, approached the boys, and identified themselves. Stracuzza advised the boys that the police were investigating a burglary and that the boys fit the description of the suspects. He did not read them the Miranda litany at the time, but he specifically told them they were not under arrest. Stracuzza said the boys were very cooperative and upon request appellant gave him permission to look in the large bag which appellant was carrying. Therein Stracuzza found an 8-track stereo. The boys were then asked if they would accompany the officers back to Chuck's Steak House, which they did. There the victim identified the stereo as the one taken from his automobile. An eyewitness at the scene also identified the boys as the culprits, and in a statement taken later at the police station the crime was admitted. The record reflects that appellant was twenty years of age and had completed the tenth grade.
Appellant contends that consent to search was not voluntarily given, thus invalidating the search of the bag and tainting the subsequent confession given at the police station, since the search and the confession were all part of a continuous process.
A search is valid if consent thereto is freely and voluntarily given. Jackson v. State, 132 So.2d 596 (Fla. 1961). When the state relies upon consent to validate a warrantless search, the quality of proof required is clear and convincing evidence. Bailey v. State, 319 So.2d 22 (Fla. 1975). In examining the evidence to determine whether it is sufficient to meet the standard required, the court must distinguish *279 between submission to apparent authority of an officer and unqualified consent. For the subject of the search to effectively waive his rights, it must clearly appear that he voluntarily permitted or expressly invited and agreed to the search. Mobley v. State, 335 So.2d 880 (Fla. 4th DCA 1976).
The only evidence presented on the motion to suppress was that of the police officers. Regarding the search, the proof is that the boys were cooperative; they were advised of the circumstances surrounding the inquiry; they were told they were not under arrest; and the officers requested permission to look into appellant's bag. Appellant then allowed the officer to look into the bag, whereupon he found the stolen stereo.
The trial judge observed the witnesses and was satisfied with the truth of their testimony. The determination of the voluntariness of the appellant's consent was a question for the trial judge and should not be disturbed on appeal unless his conclusion was clearly erroneous. As this court held in James v. State, 223 So.2d 52 (Fla. 4th DCA 1969):
Whether or not consent has actually been given or is simply a manifestation of consent produced by coercion is a question for the trial judge, and his determination must be accepted on appeal unless clearly erroneous, United States v. Vickers [387 F.2d 703 (4th Cir.1967)]. 223 So.2d at 56.
Our study of the record convinces us that the State met its burden of proof and that the trial judge correctly denied the motion to suppress. Since the search was proper, appellant's second point regarding the confession's being tainted by an improper search is without merit.
Accordingly, the judgment and sentence appealed from is affirmed.
AFFIRMED.
ANSTEAD and MOORE, JJ., concur.