386 So.2d 302 (1980)
Jessie Reed JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. NN-137/T1-55.
District Court of Appeal of Florida, Fifth District.
July 30, 1980.
*303 Michael J. Minerva, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., and Thomas Walsh, Legal Intern, Tallahassee, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant, Jessie Reed Johnson, entered a plea of nolo contendere to the charges of murder in the second degree and the killing of an unborn child reserving the right to appeal the trial court's denial of his motion to suppress.
The Daytona Beach Police Department received an anonymous telephone call that a dead body was located in the bedroom closet of a specified apartment and that entrance would have to be through the bedroom window. An investigating officer, who immediately went to the apartment, knocked on the door and received no response. At the officer's request, the manager of the apartment house opened the door. The officer, upon opening the door, could detect the odor of decomposition. The body of Thomasena Johnson, appellant's pregnant wife, was found in the bedroom closet. Several items found in the apartment were seized at the time the body was discovered.
The question for determination is whether the trial court erred in denying appellant's motion to suppress.
Warrantless searches are per se unreasonable, subject only to a few specifically established and well-delineated exceptions. See Hornblower v. State, 351 So.2d 716 (Fla. 1977) and cases cited therein. One such exception is that of an emergency situation, sometimes called the "exigency rule." Webster v. State, 201 So.2d 789 (Fla. 4th DCA 1967). As was noted by the Fourth District Court of Appeal in Webster:
The right of police to enter and investigate in an emergency, without an accompanying *304 intent either to seize or arrest, is inherent in the very nature of their duties as peace officers and derives from the common law. United States v. Barone [330 F.2d 543 (2d Cir.1964)]. The preservation of human life is paramount to the right of privacy protected by search and seizure laws and constitutional guaranties; it is an overriding justification for what otherwise may be an illegal entry. It follows that a search warrant is not required to legalize an entry by police for the purpose of bringing emergency aid to an injured person. Frequently, the report of a death proves inaccurate and a spark of life remains sufficient to respond to emergency police aid. As a general rule, we think an emergency may be said to exist, within the meaning of the "exigency" rule, whenever the police have credible information that an unnatural death has, or may have, occurred. And the criterion is the reasonableness of the belief of the police as to the existence of an emergency, not the existence of an emergency in fact.
Id. at 792. Other courts have recognized the right of the police to enter and investigate in an emergency. Long v. State, 310 So.2d 35 (Fla.2d DCA 1975); Gilbert v. State, 289 So.2d 475 (Fla. 1st DCA 1974). See also State v. Hetzko, 283 So.2d 49 (Fla. 4th DCA 1973).
A warrantless search can also be validated by consent. State v. Wise, 356 So.2d 920 (Fla.2d DCA 1978). When a defendant has not only consented to the search but has actually invited the search, the defendant cannot thereafter validly object to either the search or the seizure of items during the search. Id.; State v. Patterson, 252 So.2d 398 (Fla.2d DCA 1971).
Here, it was conceded by appellant that there was substantial, competent evidence to support the finding that appellant had placed the call to the police. This fact would not give rise to probable cause at the time of entry as it was discovered after the search; nonetheless, appellant is estopped from objecting to the search as he initiated the police action and impliedly consented to their entry upon his property.
In addition, there were sufficient indicia that an emergency situation existed, one which did not allow time for obtaining a search warrant. An anonymous tip can form the basis for a reasonable suspicion. See State v. Hetland, 366 So.2d 831 (Fla.2d DCA 1979). The existence of a particular apartment in a particular complex, as specified in the call, corroborated the tip; the lack of response supported the suspicion that persons inside were either dead or unable to open the door, thus corroborating the portion of the tip which had advised the police that the only entry was through the window. The entry was not only lawful but required of the police officers; it was necessary to determine whether there were persons inside in need of aid. After lawfully entering the apartment, the officer detected an odor associated with decomposing bodies. As there may have been others who were injured and unable to call for help, the emergency situation requiring immediate action continued to exist. The presence of probable cause to believe that a crime had been committed, as well as exigent circumstances, created an exception to the warrant requirement; thus, the search was not unreasonable.
AFFIRMED.
ORFINGER and COBB, JJ., concur.