431 So.2d 614 (1983)
Johnny L. LEONARD, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1853.
District Court of Appeal of Florida, Fourth District.
March 30, 1983.
Rehearing Denied June 8, 1983.
James L. Eisenberg, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant, Johnny L. Leonard, pled nolo contendere to possession of a controlled substance *615 and reserved the right to appeal the trial court's denial of his motion to suppress physical evidence.
While on traffic patrol, Murphy, a highway patrolman, saw appellant speeding in the opposite direction and following another car too closely. Murphy turned around and pursued appellant. By the time Murphy caught up with him, appellant had pulled into a grocery store parking lot, parked, and was walking toward the grocery store. Murphy stopped appellant and asked him for his license. When appellant opened the glove compartment for his registration, Murphy saw a small manilla envelope, several small pieces of folded tin foil, and some cigarette wrapping paper. Murphy did not place appellant under arrest, and testified that he did not intend to do so. However, because appellant (whom Murphy knew and who was reputed to be "involved with drugs") acted nervously, Murphy asked if appellant had a gun. Murphy testified that appellant said no, and authorized a search of the car for a gun. Appellant testified that Murphy began to search the car and only told appellant why when appellant asked him what he was doing. No other witnesses testified as to consent.
Murphy ran his hand under the front seat, looked in the back seat and into a tape container in the back seat, and looked into the trunk. Murphy found no gun. However, because appellant was still nervous, Murphy called for backup. Sheriff's Deputy Ward arrived. Murphy testified that he told Ward to watch the car while he cited appellant. Ward testified that Murphy told him that appellant had consented to a search of the vehicle. Ward and appellant both testified that appellant did not tell Ward that he could search the vehicle. Ward looked into the car and saw a small pouch lying on the front seat. He unzipped the pouch and saw a white powdery substance. Appellant tried to take the pouch from Ward when Ward brought the pouch to Murphy to show its contents. Murphy placed appellant under arrest for possession of a controlled substance.
Appellant contends that the trial court erred in denying his motion to suppress because he consented only to a limited search of his automobile for weapons and therefore when the officers conducted a general exploratory search of the automobile they acted without his consent.
One who consents to a search may limit the scope of that search. United States v. Dichiarinte, 445 F.2d 126 (7th Cir.1971). A consent search is reasonable only when kept within the bounds of the consent, and the scope of the search must be strictly tied to and justified by the circumstances which rendered its initiation permissible. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The trial court resolved the conflicting evidence in favor of the State and denied appellant's motion to suppress the evidence. It is within the trial court's province to determine the credibility of the witnesses and to make factual findings. Ordinarily, if the findings are supported by the record, they may not be overturned on appeal. State v. Wise, 356 So.2d 920 (Fla. 2d DCA 1978); Johnson v. State, 386 So.2d 302 (Fla. 5th DCA 1980); State v. Webb, 398 So.2d 820 (Fla. 1981). However, to support a finding of consent to search without a warrant, the State must present clear and convincing evidence. Bailey v. State, 319 So.2d 22 (Fla. 1976). The evidence establishes at best that appellant consented to Murphy's search for a gun. Murphy conducted and completed that search before calling the backup officer to the scene. The evidence does not clearly and convincingly demonstrate that appellant consented to a continuing, blanket search, or consented to a second search by Ward. Ward's subsequent nonconsensual search exceeded the scope of any consent given to Officer Murphy.
The trial court erred when it denied appellant's motion to suppress the evidence and we must reverse the judgment of conviction.
REVERSED.
HURLEY and DELL, JJ., and PURDY, H. MARK, Associate Judge, concur.