PER CURIAM.
We affirm appellant’s conviction and the trial court’s denial of appellant’s *4 motion to suppress. We affirm because we believe there is competent substantial evidence in the record to support the trial court’s findings as to the issue of consent to search and as to the nature of the encounter between appellant and the police. Jordan v. State, 384 So.2d 277 (Fla. 4th DCA 1980).
Notwithstanding our affirmance we would caution trial courts to look closely at claims by the police that no detention is involved when they encounter a citizen, identify themselves as police officers and ask for identification. In our view it is the rare citizen who would conclude that he has no legal obligation to cooperate with the police under those circumstances. Similarly, we agree that trial courts are obligated to uphold searches made pursuant to voluntary consent even when the person searched is claimed to have illogically acted completely contrary to his own interests in freely consenting to a search that immediately yields contraband. However, as the case law has repeatedly emphasized, claims of voluntary consent to search should be closely scrutinized and upheld only where established by clear and convincing evidence. Jordan v. State.
ANSTEAD, GLICKSTEIN and WALDEN, JJ., concur.