503 So.2d 1367 (1987)
Robert J. ELSLEGER, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-1026.
District Court of Appeal of Florida, Fourth District.
March 18, 1987.
*1368 Charles F. Wochna, Cleveland, Ohio, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Noel A. Pelella, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is a timely appeal of a final order sentencing appellant after denying a motion to suppress. We affirm and opt to discuss only one issue, having duly considered all three.
On November 22, 1985, Officers Cutcliffe and Nutt were assigned to narcotics interdiction at the Fort Lauderdale Airport when they first observed appellant, Robert Joseph Elsleger, in the terminal concourse. Appellant left one of the airline ticketing areas and began moving quickly toward his departure gate. No unusual activity brought appellant to the officer's attention, other than his rapid movement along the concourse. When appellant slowed to read his ticket, the officers approached him. After identifying themselves as police officers, the detectives asked appellant if he had a moment to speak with them and he agreed. The officers asked appellant if he would agree to a search of his hand baggage as well as his "person." Appellant was told that he was not required to consent, but was not told he was free to leave. At that point appellant began shaking and his face turned white. He then gave his verbal consent. One of the officers asked appellant to raise his trouser leg so that the top of his boot could be observed. Appellant complied, revealing a white powder substance in a transparent bag. Appellant was arrested, read his rights, and then made an incriminating statement. The entire encounter lasted approximately one minute.
Appellant's testimony indicated that he made no agreement to converse with the detectives and that he consented only to a search of his bag, and then only after being assured he would not miss his flight. The trial judge found by clear and convincing evidence that there was no illegal stop of appellant and that he was told he had a right to refuse to cooperate. The trial court also found by a preponderance of the evidence that appellant had consented to the search of his person.
The sole issue we address here is whether the trial court erred in finding that appellee had proved appellant's voluntary consent by a preponderance of the evidence. We conclude it did not.
Officer Cutcliffe testified that she approached appellant and asked him if he had a moment to speak with her and appellant agreed. Appellant was told he was not required to consent and his boarding *1369 pass was not taken from him. Appellant was asked if the officers could search his luggage and his person and he agreed. This testimony supports the finding of the trial court that there was no illegal detention and that consent was voluntarily given to search.
In finding that appellant's initial consent extended to his "person" the trial court rejected appellant's testimony and stated that it made that finding by a preponderance of the evidence, but that it was unwilling to find that the state proved voluntary consent by clear and convincing evidence. Appellant contends that the clear and convincing standard is applicable in the present case, citing Jordan v. State, 384 So.2d 277 (Fla. 4th DCA 1980); Leonard v. State, 431 So.2d 614 (Fla. 4th DCA 1983), and Racz v. State, 486 So.2d 3 (Fla. 4th DCA 1986).
In Jordan, this court stated:
A search is valid if consent thereto is freely and voluntarily given. Jackson v. State, 132 So.2d 596 (Fla. 1961). When the state relies upon consent to validate a warrantless search, the quality of proof required is clear and convincing evidence. Bailey v. State, 319 So.2d 22 (Fla. 1975).
In Leonard this court again held that proof of consent to a warrantless search must be clear and convincing, as did Racz.
Racz relies on Jordan, and Jordan and Leonard rely on Bailey v. State, 319 So.2d 22 (Fla. 1975). However, it appears that the holding of Bailey was overruled, at least in part, by Denehy v. State, 400 So.2d 1216, 1217 (Fla. 1980), in which the court upheld the warrantless search of a truck, stating:
The appellants contend that the motion to suppress should have been granted because the evidence in question was obtained through an illegal search. After hearing testimony, the trial judge concluded that the appellants consented to the search. The question of whether the consent was voluntary "is a question of fact to be determined from the totality of all the circumstances." Schneckloth v. Bustamonte, 412 U.S. 218, 227, 92 S.Ct. 1168, 31 L.Ed.2d 230 (1973). Under ordinary circumstances the voluntariness of the consent to search must be established by preponderance of the evidence. See McDole v. State, 283 So.2d 553 (Fla. 1973). Since there was no evidence of coercion such as prolonged detention or a threat to obtain a search warrant, Seuss v. State, 370 So.2d 1203 (Fla. 1st DCA 1979); Powell v. State, 332 So.2d 105 (Fla. 1st DCA 1976), or repeated requests for consent, Gonterman v. State, 358 So.2d 595 (Fla. 1st DCA 1978); Sarga v. State, 322 So.2d 592 (Fla. 1st DCA 1975), the trial judge under the applicable standard of proof, could properly conclude from the officer's testimony that the appellants voluntarily consented to the search of the truck. Dennis v. State, 373 So.2d 47 (Fla. 1st DCA 1979).
In State v. Blan, 489 So.2d 865, 865-66 (Fla. 1st DCA 1986), the first district reversed an order of a trial court suppressing the fruits of a search because of the state's failure to prove voluntary consent by clear and convincing evidence, stating:
In Norman v. State, 379 So.2d 643 (Fla. 1980), the Florida Supreme Court addressed the circumstance of a defendant's consent to search after unlawful police activity. Norman indicates that such police action presumptively taints the subsequent consent, so that the consent will be held voluntary only if the taint is dissipated by a break in the chain of illegality, shown by clear and convincing proof. See also, Bailey v. State, 319 So.2d 22 (Fla. 1975). However, as indicated by Denehy v. State, 400 So.2d 1216 (Fla. 1981), under ordinary circumstances where there is no antecedent police misconduct a consent to search need be shown only by a preponderance of the evidence. See also, State v. Fuksman, 468 So.2d 1067 (Fla. 3d DCA 1985); compare Palacios v. State, 434 So.2d 1031 (Fla. 1st DCA 1983), with Wilson v. State, 470 So.2d 1 (Fla. 1st DCA 1984).
In the present case the court did not find any antecedent police misconduct, erroneously assuming that clear and convincing proof is the usual standard with regard to consent determinations. This does not accord with the Supreme *1370 Court's pronouncement in Denehy, supra, and the cause thus must be remanded for application of the proper standard after consideration by the trial court as to whether antecedent police misconduct was involved.
See also State v. Fuksman, 468 So.2d 1067, 1068-69 (Fla. 3d DCA 1985).
It would appear that the statements in Racz, Leonard and Jordan are incorrect or at least overbroad. In the present case, the trial court found that the encounter was not coercive and that consent was freely given. This finding is supported by the testimony of Officer Cutcliffe. See Jordan, 384 So.2d at 279 (whether consent is voluntary is question of fact for trial judge and his finding will not be disturbed on appeal unless clearly erroneous).
DOWNEY, ANSTEAD and GLICKSTEIN, JJ., concur.