## STATE OF FLORIDA v PHIFER

## Case No. 88-5280 TC A02

County Court, Palm Beach County

September 16, 1988

### APPEARANCES OF COUNSEL

**Athena Vinolus,** Assistant State Attorney, for plaintiff.

**Phillip G. Butler,** for defendant.

### OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS MATTER WAS BEFORE THE COURT, pursuant to the Defendant's motion to suppress evidence alleged to have been seized as a result of an illegal arrest, and the Court having heard testimony of witnesses, and argument of counsel, hereby grants the motion on the basis of the Doctrine of Res Judicata and Collateral Estoppel.

The Defendant asserts two grounds in support of his motion to suppress. The first is that the arrest was illegal because it was a

misdemeanor arrest for DUI that was not made "immediately or in fresh pursuit" as required in Florida Statutes, Chapter 901.15(1) & (5). His second assertion, which is related to the first, is that the Doctrines of Res Judicata and Collateral Estoppel bar the relitigation of the legality of his arrest, a matter which was previously determined in his favor, in another hearing.

The facts of this case, which are not in dispute, show that, on February 18, 1988, the Defendant failed to heed a road block and flare line that had been set up by law enforcement around the scene of a bomb scare. He was approached by Deputy Sheriff Brown, who noticed indications of alcohol impairment. Deputy Brown, who was engaged in traffic control around the bomb scare scene, directed the Defendant to park his car and wait until there was time to conduct a DUI investigation. About 25 minutes later, Deputy Brown, having completed his traffic control duties, conducted the DUI investigation, culminating in the present arrest for DUI. The Defendant subsequently refused to take a breath test.

On August 1, 1988, the Defendant appeared before Judge Edward Garrison, pursuant to his Petition Per Implied Consent. At that hearing, the Defendant asserted that his license should not be suspended for his refusal to submit to a breath test because he was arrested in violation of Florida Statutes Chapter 901.15(1) & (5). Judge Garrison, after receiving testimony and legal argument, granted the Defendant's petition. It is clear from the audio tape recording of the above hearing, that Judge Garrison's decision was based upon the Defendant's assertion regarding the illegality of his arrest.

The Doctrine of Res Judicata and Collateral Estoppel stand for the principle that final Judgments rendered on the merits, by a Court having competent jurisdiction, are final and binding upon the parties as to issues that were, or should have been litigated therein. 32 Fla.Jur.2d 107 et seq.

The Defendant, in support of his contention that the above Doctrines should bar relitigation of the legality of his arrest, cites the factually distinct case of *United States v Gornto,* 792 F.2d 1028 (11th Cir. 1986). This case held that *Ashe v Swenson,* 397 U.S. 436 (1970), mandates a two-part test:

"First, what facts were necessarily determined in the first law suit? Second, has the government in a subsequent trial tried to relitigate facts necessarily established against it in the first trial."

Applying this test, it is clear that this Court is being called upon to

determine the same issues, using the same facts, by applying the same standard of proof, as was Judge Garrison in the prior hearing. The issue is and was the legality of the Defendant's arrest under Florida Law. The standard of proof in both hearings is the preponderance of the evidence. *Elsleger v State,* 503 So.2d 1367 (4th DCA 1987).

This Court has previously declined to apply the above Doctrines to bar introduction of evidence in similar DUI cases. (See *State v Rush,* 25 Fla.Supp.2d 104 (1987), 87-153965 TT A02) However, in each previous case, no proof was ever adduced as to the nature of any factual determination made by the Judge hearing the Implied Consent matter. Based upon the record, the defects in the State's cases could have been anything from the failure of the officer to appear in Court, to a defect in any, or all of the elements of the implied consent considerations pursuant to Florida Statute 322.261(3).

The Court notes in passing, that it disagrees with the legal basis for Judge Garrison's ruling. In this Court's view, there was no violation of Florida Statutes 901.15, as the arrest was made substantially contemporaneously with the Defendant's traffic stop.

DONE AND ORDERED, in West Palm Beach, Florida, this 16th day of September, 1988.