GARRETT, Judge.
Appellant seeks review of the denial of his motion for post-conviction relief. We address all of the issues raised in this appeal and affirm.
Trial counsel’s failure to file a motion to suppress the bus search of appellant’s luggage was not ineffective assistance of counsel. Appellant’s case preceded Bostick v. State, 554 So.2d 1153 (Fla.1989). At the time of the crime and the direct appeal, case law permitted police officers to board buses temporarily stopped in stations and to conduct random consent searches of passengers’ luggage. See State v. Grant, 392 So.2d 1362 (Fla. 4th DCA), rev. denied, 402 So.2d 610 (Fla.1981). See also Elsleger v. State, 503 So.2d 1367 (Fla. 4th DCA 1981), dismissed, 511 So.2d 298 (Fla.1987); Rodriguez v. State, 494 So.2d 496 (Fla. 4th DCA 1986).
In Gettel v. State, 449 So.2d 413 (Fla. 2d DCA), rev. denied, 458 So.2d 272 (Fla.1984), the court held that a trial defense counsel’s failure to file a motion to suppress evidence without a warrant was not ineffective assistance of counsel where existing case law did not require suppression of the evidence. The court reasoned that since any motion to suppress could not have been properly granted, there was no prejudice to the defendant when his trial counsel failed to file such a motion.
Trial counsel’s failure to call the bus driver as a defense witness did not prejudice appellant. The driver’s testimony could not alter the then existing case law. See Grant, 392 So.2d 1362.
Trial counsel’s failure to file a statement of judicial acts to be reviewed resulted in no prejudice to appellant. We note that appellant’s trial counsel was privately retained. A statement of judicial acts to be reviewed is only required “if a transcript will require the expenditure of public funds.” Fla.R.App.P. 9.140(b)(3)(A)(ii). We further note that appellant voluntarily dismissed his direct appeal after discussion with his family as to the merits of the appeal.
Any deficiency in the information could have been raised on direct appeal. See McCrae v. State, 437 So.2d 1388 (Fla.1983).
AFFIRMED.
LETTS and GUNTHER, JJ., concur.