[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 01-2606

UNITED STATES,

Appellee,

v.

OMAR DEL ROSARIO-PUENTE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Hector M. Laffitte, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

Raymond L. Sanchez on brief for appellant.
H.S. Garcia, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Nelson Perez-Sosa, Assistant United States Attorney, on brief for appellee.

August 19, 2002

**Per Curiam**. Appellant pleaded guilty to possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C § 2, and was sentenced to 46 months' imprisonment -- less than half the statutory mandatory minimum. See 21 U.S.C. § 841(b)(1)(A). Despite appellant's statements at the change of plea hearing that he was satisfied with his legal representation, he now claims that his guilty plea was involuntary because his attorney misadvised him to plead guilty based on evidence that should have been suppressed and wrongly decided to withdraw a motion to suppress that evidence.

A guilty plea may be considered unknowingly and involuntarily entered if, in connection with the decision to plead guilty, the defendant does not receive reasonably effective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). Although ineffective assistance of counsel claims are not normally appropriate for review on direct appeal, particularly where, as here, the claim has not been raised before the trial court, United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993), we agree with the parties' assertion that the circumstances fall within the exception for cases in which "'the critical facts are not genuinely in dispute and the record is sufficiently developed to allow a reasoned consideration of an ineffective assistance claim.'" United States v. Soldevila-Lopez, 17 F.3d 480, 485 (1st Cir.

1994) (quoting United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991)).

The familiar two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984), must be satisfied to invalidate a guilty plea based on ineffective assistance of counsel. Hill, 474 U.S. 57. Therefore, to prevail, appellant must overcome the presumption that, under the circumstances, trial counsel's advice to withdraw the motion to suppress and plead guilty might be considered sound strategy. Id. at 689. In addition, appellant must prove that counsel's conduct was prejudicial -- i.e., that there is a reasonable probability that, but for counsel's alleged errors, appellant would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 59. Accordingly, determination of the ineffective assistance issue turns on the likelihood of success of the withdrawn motion to suppress. After carefully reviewing the record as well as the parties' submissions on appeal, we conclude that appellant has failed to show that the motion to suppress was likely to succeed. Moreover, in light of the significantly reduced sentence appellant received, no doubt due in part to his agreement to withdraw the motion to suppress and plead guilty, trial counsel's advice seems eminently reasonable.

Appellant having failed to satisfy the Strickland test, we reject his challenge to the validity of the guilty plea. The judgment is affirmed. See Loc. R. 27(c).