# IN THE COURT OF APPEALS OF IOWA

No. 16-0441
Filed November 23, 2016

**AURELIO JAVIER ORTIZ,**
　　　　Petitioner-Appellee,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

The State appeals a district court order granting postconviction relief to applicant. **REVERSED AND REMANDED.**

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellant State.

Gary Dickey of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

Aurelio Ortiz pleaded guilty in 2013 to possession of methamphetamine with the intent to deliver, in violation of Iowa Code section 124.401(1)(b)(7) (2011). He did not file a direct appeal of his conviction, but he did seek postconviction relief. Ortiz claimed he received ineffective assistance of counsel because his trial counsel failed to file a motion to suppress drug evidence obtained as a result of an allegedly unlawful search and seizure. The district court granted Ortiz's application for postconviction relief. The State now appeals.

I.

On November 25, 2012, Des Moines police officer Todd Wilshusen was on duty when he observed a vehicle without a front license plate. Officer Wilshusen initiated a traffic stop. While speaking with the driver, Ortiz, Wilshusen identified the smell of marijuana coming from inside the vehicle. Wilshusen asked Ortiz where the marijuana was, and Ortiz responded the occupants of the vehicle had used marijuana in the car earlier that day. Officer Wilshusen asked the occupants to exit the vehicle. He and two other officers who had arrived at the scene then conducted a search of the vehicle. During the search, the officers located marijuana, methamphetamine, drug paraphernalia, and a handgun.

On December 18, the State filed an eight-count trial information against Ortiz. The same day, Ortiz was indicted in federal court for illegal transfer of firearms and being a felon in possession of a firearm, both charges arising out of the same offense conduct at issue in the state court proceeding. Ortiz retained

private counsel to represent him in state court, and he was appointed different counsel for the federal charges.

Both the state and federal charges were resolved by plea agreement. With respect to the state court proceeding, Ortiz did not file a motion to suppress evidence. He ultimately pleaded guilty to one charge, stipulated to a sentencing enhancement under Code section 124.411, and was sentenced to forty-five years in prison with a mandatory minimum of fifteen years. In the federal proceeding, Ortiz did file a motion to suppress evidence, claiming the search of his vehicle was unlawful. The motion to suppress evidence was denied. Ortiz then pleaded guilty to the charge of felon in possession of a firearm and was sentenced to sixty-six months of incarceration. The denial of his motion to suppress evidence and his conviction were affirmed on appeal. *See United States v. Ortiz*, No. 14-1093, 2014 WL 4637118, at *2 (8th Cir. Sept. 18, 2014).

As stated above, at issue in the instant postconviction-relief proceeding was whether Ortiz's counsel was ineffective in failing to file a motion to suppress evidence. Specifically, whether counsel should have argued the search of Ortiz's vehicle was unlawful under article I, section 8 of the Iowa Constitution based on recent case law developments calling into question the viability of the long-standing automobile exception to the warrant requirement. The district court granted Ortiz's application, determining the viability of the automobile exception under the Iowa Constitution was in serious doubt and, as a result, Ortiz's motion to suppress would have been granted. Therefore, it held Ortiz's counsel breached an essential duty by failing to bring a motion to suppress and Ortiz was

prejudiced because the success of the motion would have rendered a state conviction impossible.

## II.

We review claims of ineffective assistance of counsel de novo. *See State v. Liddell*, 672 N.W.2d 805, 809 (Iowa 2003). To prove ineffective assistance of counsel, an applicant must show his trial counsel breached an essential duty and prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). With respect to breach of duty, there is a strong presumption counsel's performance fell within the range of reasonable professional assistance. *See Wemark v. State*, 602 N.W.2d 810, 814 (Iowa 1999). With respect to prejudice, the applicant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The district court found Ortiz's counsel breached an essential duty when counsel failed to challenge the automobile exception to the warrant requirement. As such, it behooves us to examine the exception. "'A warrantless search is presumed unreasonable' unless an exception applies." *State v. Gaskins*, 866 N.W.2d 1, 7 (Iowa 2015) (citation omitted). One such exception is the automobile exception, which initially allowed "warrantless searches of vehicles based on probable cause . . . as it would be impracticable to require officers to secure a warrant 'because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant may be sought.'" *State v. Allensworth*, 748 N.W.2d 789, 792 (Iowa 2008) (citing *Carroll v. United States*, 267 U.S. 132, 153

(1925)).  Later development of the doctrine "noted the exception is also justified based on the reduced expectation of privacy, as compared to the home or office, that individuals have in their automobiles."  *Id.* at 794 (citing *California v. Carney*, 471 U.S. 386, 391 (1985)).  In 1980, our supreme court adopted the automobile exception under article I, section 8 of the Iowa Constitution.  *See State v. Olsen*, 293 N.W.2d 216, 220 (Iowa 1980).  *Olsen* has not been overruled and remains the controlling legal authority on whether the automobile exception is recognized under the Iowa Constitution.

Even though Ortiz's motion would have failed on the merits under *Olsen*, the district court concluded Ortiz received ineffective assistance of counsel.  In reaching this conclusion, the district court found counsel breached an essential duty in not challenging *Olsen*.  The district court also found Ortiz suffered constitutional prejudice because the motion to suppress would have been successful despite controlling legal authority to the contrary.  The district court considered the following factors in reaching this conclusion:

> Taken in total, at the end of a basic investigation trial counsel would have uncovered the following information: (1) in Iowa, prevailing professional norms indicate a responsibility to raise meritorious state constitutional arguments; (2) modern technology is challenging the rationale supporting the automobile exception to the warrant requirement; and (3) the Iowa Supreme Court has demonstrated a willingness to fashion a body of Iowa constitutional law independent of federal precedent.

We address the same factors as the district court.

As noted by the district court, prevailing professional norms do indicate a responsibility to raise meritorious state constitutional arguments.  It has been repeatedly stated Iowa appellate courts "jealously guard" the ability to interpret

the Iowa Constitution differently from the United States Constitution and provide greater protection under the Iowa Constitution. *See State v. Baldon*, 829 N.W.2d 785, 820–21 (Iowa 2013) (collecting cases in which our supreme court has done so). *But see State v. Bohl*, No. 15-1546, 2016 WL 4543957, at *2 (Iowa Ct. App. Aug. 31, 2016) ("The right question, is not whether a state's guarantee is the same as or broader than its federal counterpart as interpreted by the Supreme Court. The right question is what the state's guarantee means and how it applies to the case at hand."). This is perhaps especially true where the texts differ, as the relevant sections do here. *Compare* Iowa Const. art. I, § 8 ("The right of the people to be secure in their persons, houses, papers and effects, against unreasonable seizures and searches shall not be violated; and no warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the persons or things to be seized."), *with* U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."). Our supreme court has concluded the semicolon in the Iowa Constitution has great legal significance in that it places more emphasis on the warrant requirement than the Federal Constitution. *See State v. Short*, 851 N.W.2d 474, 501–02 (Iowa 2014) (reviewing textual and structural arguments). In several cases, our supreme court has broken with recent United States Supreme Court precedent to

distinguish search-and-seizure protections in Iowa. *See Short*, 851 N.W.2d at 506; *State v. Ochoa*, 792 N.W.2d 260, 287–91 (Iowa 2010).

It is additionally true that advances in technology may undermine the stated rationale for the automobile exception. *See Gaskins*, 866 N.W.2d at 17 (Cady, C.J., concurring specially) ("An automatic exception to the warrant requirement, particularly one based on exigency, must account for the new world of technology, and must not continue to exist simply because it existed in the past."). However, this does not necessarily mean the automobile exception cannot and should not be justified for other reasons.

Finally, as noted by the district court, the Iowa Supreme Court has demonstrated a willingness to fashion its own search-and-seizure doctrine under the Iowa Constitution. Indeed, the defense bar has been implored repeatedly to assert more state constitutional claims to allow for more development in the area. *See id.* at 34 (Appel, J., concurring specially) (stating "defense counsel should have a working knowledge of the larger state constitutional trends around the country"); *Short*, 851 N.W.2d at 489–90 ("In addition to readily searchable caselaw, there is now a very large volume of readily accessible secondary materials discussing just about every aspect of state constitutional law. A diligent lawyer thus has ready access to the materials necessary to develop state constitutional law arguments."); *Baldon*, 829 N.W.2d at 816 (Appel, J., concurring specially) (writing "no lawyer worth his or her salt can be a good advocate in today's world without appreciating the possibility—and value—of raising state and federal constitutional claims in representing a client"); *State v. Effler*, 769 N.W.2d 880, 895 (Iowa 2009) (Appel, J., concurring specially) ("In light of our

jealously guarded right and duty to differ in our interpretation of state constitutional provisions, counsel should be attentive to the possibility that we might not follow Supreme Court precedent in cases involving the interpretation of the Iowa Constitution.").

Even though we agree with many of the district court's basic assumptions, we disagree with the conclusion that those assumptions entitle Ortiz to any relief. First, while it is true our supreme court has emphasized defense counsel has a duty to raise meritorious state law claims, there is no duty to challenge long-standing case law. *See State v. Cook*, 565 N.W.2d 611, 614 (Iowa 1997). Moreover, it is a step too far to find, as a matter of law, that defense counsel breached a constitutional duty owed his client and failed to perform competently by not filing a motion to suppress evidence contrary to ninety years of federal law and thirty-two years of state law.

Second, it is clear counsel made a strategic decision to not challenge the drug evidence. Specifically, Ortiz's drug charges would have been referred for federal prosecution if Ortiz fought them in state court. This would have increased Ortiz's criminal exposure significantly. Ortiz's trial counsel testified:

> Even if he had grounds to file a legitimate motion to suppress, even if I thought – we discussed this. Even if I thought he could win on a motion to suppress, my advice to Mr. Ortiz was you really wouldn't want to do that anyway because it was made very clear that if Mr. Ortiz fought the State, filed a motion to suppress, did discovery, [the prosecutor] was going to refer the drug case to the feds also.
> And if that case was referred to the feds and if he wasn't successful on a motion to suppress, the time he would do in prison would be a heck of a lot higher than what he was facing in state court.
> Discussing that with Mr. Ortiz, the fact that he didn't feel as though he had a valid motion to suppress but also the fact that

> even if he did, he should work a deal and keep his drug case in state court, that's why we made the decision we did. It wasn't based on an analysis by itself of whether he had a valid motion to suppress.

We are reluctant to second-guess good-faith efforts: "Improvident trial strategy, miscalculated tactics, and mistakes in judgment do not necessarily amount to ineffective assistance of counsel." *State v. Wissing*, 528 N.W.2d 561, 564 (Iowa 1995). And "strategic decisions made after 'thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001) (quoting *Strickland*, 466 U.S. at 690).

On de novo review, we find counsel undertook a thorough investigation of the pertinent law and facts and arrived at a reasonable strategic decision—to wit, avoiding federal prosecution on drug charges for his client where there was no doubt the motion to suppress evidence would fail under federal law and the defendant would be exposed to a significantly more severe sentence. *See Kimmelman v. Morrison*, 477 U.S. 365, 384–85 (1986) (stating "the failure to file a suppression motion does not constitute per se ineffective assistance of counsel" and noting there might be strategic reasons for foregoing the motion); *United States v. Rosario–Puente*, 41 Fed. Appx. 483, 484 (1st Cir. 2002) (stating that in light of the reduced sentence the petitioner received, "no doubt due in part to his agreement to withdraw the motion to suppress and plead guilty, trial counsel's advice seem[ed] eminently reasonable"); *Tobbie v. United States*, Nos. 7:10-CV-90084, 7:06-CR-17, 2013 WL 4008631, at *6 (M.D. Ga. Aug. 4, 2013) (holding it was "within the wide range of acceptable professional conduct" to forego motion to suppress to obtain sentencing or charging concessions); *Morris*

*v. United States*, Nos. 2:06-cv-00938, 2:05-cr-00125, 2008 WL 4763223, at *5 (S.D. W. Va. Oct. 27, 2008) (holding counsel was not ineffective in foregoing motion to suppress "to minimize his client's exposure to additional charges, while attempting to secure a reduced sentence for substantial assistance"); *Ramos v. State*, 559 So. 2d 705, 706 (Fla. Dist. Ct. App. 1990) (holding counsel was not ineffective in failing to file motion to suppress where case law at the time allowed search); *People v. Williams*, No. 4-13-1092, 2016 WL 482418, at *4 (Ill. App. Ct. Feb. 4, 2016) (holding counsel was not ineffective where counsel advised the defendant to plead guilty to state charges to avoid referral to federal prosecutor).

Because we find no breach of an essential duty, we need not consider the prejudice element of Ortiz's claim. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) ("If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element.").

III.

For the foregoing reasons, we reverse the judgment of the district court granting Ortiz's application for postconviction relief and remand for further proceedings.

**REVERSED AND REMANDED.**